CIRO SCALIA, Claimant, *v.* THE STATE OF NEW YORK, Defendant.
(Claim No. 19545.)

Court of Claims, May 16, 1933.

*Harry E. Harding,* for the claimant

*John J. Bennett, Jr., Attorney-General* [*Paul Muscarella* and *J. H. Glavin, Assistant Attorneys-General*], for the defendant.

ACKERSON, J. This claimant, Ciro Scalia, was born in 1909. In 1926 he was sentenced to Auburn Prison upon a judgment of conviction after having been found guilty of a criminal offense in the County Court of Monroe county. He was given a sentence of not less than eight nor more than sixteen years. He was released from prison on April 25, 1929, and now resides in the city of Buffalo.

While confined in Auburn Prison he was sent to work in what is known as the upper cabinet shop on July 4 or 5, 1926.

The foreman there was one McTaggart who told him to work with Anthony Encao, another inmate. The work performed by the convicts in this department was in connection with office desks. It was the duty of those there employed to assemble them, fit them together, polish them and get them ready to varnish.

There was in this department what is known as a disc sander. It is a machine used for smoothing and polishing. It consists of two discs about three feet in diameter, mounted on a shaft and run by an electric motor. Sandpaper is glued to the faces of these discs. There is a platform in front of each disc upon which the work is placed.

The claimant had used this machine in finishing cabinet material for three or four days a week for a period of fourteen months before the accident. He had never had an accident before that time but the evidence discloses that another inmate had had an accident while working on the machine and had injured the end of one finger.

It appears by the evidence that on the 8th day of September, 1927, claimant, while engaged in the regular work to which he had been assigned, went to this disc sander with a wooden partition from the drawer of a desk which he was assembling for the purpose of smoothing the end of it. This partition was a small board eleven inches long, three inches wide, and one-fourth of an inch thick. While engaged at the sander in smoothing it the rapidly revolving disc on which the sandpaper was glued suddenly moved over one-half inch or more on the shaft away from claimant as he pressed the board against it and the downward motion of the rapidly revolving disc drew the board with claimant's hands upon it into the space between the disc and the platform in front of it so quickly that the claimant was powerless to prevent it. This was done with such force that the claimant's hands were instantaneously wedged

so tightly between the disc and the platform that he could not withdraw them even after the disc was stopped. Before the disc could be stopped, however, the middle finger and the ring finger on each hand had been, to all practical purposes, substantially destroyed. After the disc was stopped it was found necessary to take out the bolts which held the platform in place and remove it in order to release the hands of the claimant.

The injuries thus inflicted by the agencies of the State, the claimant contends, were in no manner contributed to by any act of his, but were caused solely by the carelessness and negligence of the agents and employees of the State.

The Legislature has taken cognizance of the matter, and by chapter 501 of the Laws of 1929 conferred upon this court jurisdiction to hear, audit and determine this claim, provided it be filed with this court within one year from April 10, 1929, when said act became a law. The law has been complied with in this respect as the claim was filed February 24, 1930.

This act of the Legislature submitted the question of the liability of the State for the accident in question to this court in the following language, to wit: "If the court finds that such injuries were caused through the negligence of the state, its officers or employees, in failing or neglecting to provide proper guard rails for such machinery, or that such machine was defective, or that the state, its officers or employees, were negligent in any manner in connection with the operation of such machine and that at the time the claimant was free from negligence contributing to the injury, damages therefor shall constitute a valid and legal claim against the state and the state shall be deemed liable therefor, and the court may award to and render judgment for the claimant in such sum as it shall find to be just and equitable."

It is conceded that the claimant was injured in the manner and to the extent substantially as claimed by him. Practically the only question in the case for the court to determine in the first instance is whether or not this accident was due to the negligence of the State. If it was, the State should respond in damages. If not the claim should be dismissed. We do not think there is any question about the claimant's freedom from contributory negligence. He had used this machine for fourteen months, never had an accident on it, was familiar with it, and there is not the slightest suspicion from any evidence in the case that his use of it on the occasion in question was in any way improper or careless. He was not a free agent. His liberty of action had been temporarily taken away by the State in order to punish him for the crime he had committed. But his segregation from society and his confinement in a prison

was the utmost limit of authority which the law gave the State over him. It could not injure his health nor his body with impunity. If the State compelled him to perform labor which brought him in contact with machinery capable of inflicting serious injury upon him, the State thereby assumed all the responsibilities which its own rules and regulations had placed on employers in the industries of the State operated by free labor. The fact that he was not a free agent, that he had no choice to do anything except as he was ordered to do, that he did not voluntarily assume any of the risks or liabilities of his occupation, might well be considered as placing upon the State a much higher degree of responsibility for his safety than that resting upon the employer of free labor in the industries of the State.

The fact that the disc sander upon which claimant was injured was not in any way protected by guards was in direct violation of section 256 of the Labor Law of the State. The evidence clearly discloses that such guards were not only practicable but that if they had been on this machine at the time in question they would have prevented the injuries described in this claim.

Section 913 of the Industrial Code of this State provides that in such a machine as the one here involved the space between the revolving disc and the edge of the table shall not be greater than one-quarter of an inch. Here this space was wide enough to take in a board one-quarter of an inch thick together with this claimant's fingers — a space which must necessarily have been from one-half to three-fourths of an inch wide.

But in addition to the foregoing we are satisfied from the evidence that at the time of this accident at least this disc had considerable play sidewise or laterally when pressed against. This, of course, rendered it a highly dangerous piece of machinery and one which was liable to occasion just such an accident as the one before us at any time.

All of these defects in this disc sander should have been discovered by the agents of the State who had charge of this machine, and their failure so to do in our judgment constituted negligence for which the act of the Legislature above set forth requires us to hold the State responsible.

We firmly believe, therefore, that we are compelled to hold by reason of the facts established on the trial of this claim that this claimant on the day of his injury was free from contributory negligence; that the State was guilty of negligence in permitting this disc sander to be operated without guards in violation of the Labor Law of the State and the rules of its Industrial Code, and also in

permitting the same to be operated in the defective condition in which it existed on the day of the accident by reason of the lateral movement on the shaft of the disc and by reason of the width of the space between the disc and the table being more than one-quarter of an inch.

Findings may be prepared, therefore, in accordance with this opinion directing a judgment herein in favor of this claimant and against the State in the sum of $7,500.

RYAN, J., concurs.