CHARLES DE POLA, Appellant, v. THE STATE OF NEW YORK, Respondent.— (Claim No. 23857.) Judgment affirmed, with costs. All concur. (The judgment dismisses a claim for personal injuries caused by hand being caught in a bread-slicing machine.) Present — Sears, P. J., Taylor, Edgcomb, Thompson and Lewis, JJ.

H. FRED INGLEHART, Appellant, v. KINSLEY W. SLAUSON and WELLS ISLAND HOTEL AND REALTY CORPORATION, Respondents.— Judgment and order affirmed, with costs. Memorandum: In view of the form of the decision we construe the judgment dismissing the complaint, which we are affirming, as determining that the plaintiff is not entitled to a construction of the contract as one obligating the defendants or either of them to retire, sell or otherwise take up the plaintiff's shares of stock, and as in nowise adjudicating any question relating to the term of the contract by which the defendants undertook substantially to use their best efforts to sell the plaintiff's stock, or any possible breach thereof. All concur. (The judgment dismisses the complaint in an action for declaratory judgment as to the rights of parties under a contract concerning disposition of certain shares of stock. The order denies motion to reopen the case.) Present — Sears, P. J., Taylor, Edgcomb, Thompson and Lewis, JJ.

In the Matter of the Probate of the Last Will and Testament of THOMAS RICHARDS, Deceased.— Decree reversed on the law, with costs, and matter remitted to the Surrogate's Court with directions to admit the will to probate. Memorandum: The jury having found, on sufficient evidence, that the testator was of sound mind, we find no evidence, of substance, that undue influence was practiced upon him. It is not enough that the will is not as his heirs would have liked it, or is not such as a jury or court might think just. It is true that direct proof of undue influence is difficult to obtain and is not required; but here we are unable to find, in the record, proof or circumstances from which an inference can be drawn that undue influence was used. The will should, therefore, be admitted to probate. (*Matter of Burnham,* 234 N. Y. 475.) All concur. (The decree denies probate of a will.) Present — Sears, P. J., Edgcomb, Thompson, Crosby and Lewis, JJ.