JACK BENSON, Claimant, *v.* STATE OF NEW YORK, Defendant.
(Motion No. 1042.)

Court of Claims, December 20, 1944.

*Herbert Kaufman* for claimant.

*Nathaniel L. Goldstein, Attorney-General (Arthur W. Mattson* and *Frank M. Noonan* of counsel), for defendant.

FITZSIMMONS, J. Claimant here applies for permission to file a claim arising out of injuries sustained on August 5, 1942, while an inmate of Auburn Prison, from which State prison he was discharged on July 12, 1944, after having fully served the sentence imposed upon his conviction for a felony.

At the time of such accident and up to July 12, 1944, claimant was under legal disability, in consequence of which his civil rights were suspended (Penal Law, § 510). Upon his discharge from prison after having fully served his sentence, claimant's civil rights were restored, whereupon he was enabled to institute an action herein. (*Green* v. *State of New York,* 278 N. Y. 15.)

Under the provisions of subdivision 3 of section 10 of the Court of Claims Act (L. 1939, ch. 860) a claim based upon personal injuries shall be filed within ninety days after the accrual of such claim, unless within such time claimant shall file a notice of intention to file claim therefor, in which event claim shall be filed within two years after the accrual of such claim.

Where timely filing of a notice of intention has not been made, the court, nevertheless, in its discretion may grant permission therefor upon a claimant's compliance with the provisions of subdivision 5 of section 10 of the Act, among which provisions is " to show by affidavit a reasonable excuse for the failure to file notice of intention ", in the light of which requirement,

claimant's application herein is defective — no excuse whatsoever being so offered.

The aforesaid section, however, makes the further provision: " But if the claimant shall be under legal disability, the claim may be presented within two years after such disability is removed." By reason of the foregoing provision this court has held that the filing of a notice of intention was unnecessary, and, further, that insufficiency of excuse offered for failing to so file, was in consequence thereof a matter proper to disregard. (*Weber* v. *State of New York*, 181 Misc. 44, affd. 267 App. Div. 325.)

A notice of intention to file a claim, as provided in the Court of Claims Act, is not a condition precedent to beginning an action against the State, as in *Biggs* v. *City of Geneva* (184 N. Y. 580, 581) and *Jones* v. *City of Albany* (151 N. Y. 223, 226), or which " must be filed before the commencement of the action, and as a condition to the maintenance thereof ", as in *Curry* v. *City of Buffalo* (135 N. Y. 366, 370).

While the actual purpose of filing of such notice of intention is to timely advise the State of the circumstance of claim, it likewise confers a benefit upon claimant in that it extends to two years from the accrual date of the cause of action the time within which claim itself may be filed.

Since the provision of subdivision 5 of section 10, last quoted, is identical with that recited in section 19 of article III of the State Constitution it might well seem that claimant could, as a matter of right, file a claim at any time within two years after disability is removed, without the intervention of a motion seeking permission to do so; however, as this court derives all of its authority solely through permissive legislation — which in this instance is incorporated with and made a part of the provisions under which this court may exercise discretion in granting leave to file a claim — conditions may be exacted as is here done, and as was done by Presiding Judge BARRETT in *Weber* v. *State* (*supra*) where the facts were analogous to those here outlined except that disability there arose from infancy.

Claimant's motion is herein granted on condition that original claim and twelve copies thereof shall be filed in the office of the Clerk of the Court of Claims, with a copy thereof served upon the Attorney-General, within thirty days after entry of order herein.