JOHN A. GRANT, Claimant, *v.* STATE OF NEW YORK, Defendant

(Claims Nos. 28781 and 28820.)

Court of Claims, March 23, 1948.

*Benjamin M. Gingold* and *Alfred Spagnola* for claimant.

*Nathaniel L. Goldstein, Attorney-General (Donald C. Glenn* of counsel), for defendant.

RYAN, J. Claimant's claim alleges that on August 31, 1946, while he was working on a milling machine in the carpenter shop at Auburn State Prison, his right index finger was cut off by the cylinder, resulting in permanent injury, to his damage. The Attorney-General has moved to dismiss the claim on the ground that the claimant does not have legal capacity to sue. Attached to the Attorney-General's affidavit and notice of motion is a certificate of the Commissioner of Correction to the effect that this claimant was sentenced in Queens County Court on July 19, 1939, to Sing Sing Prison for a term of seven years minimum to fourteen years maximum and that he was reparoled from Auburn Prison on October 2, 1947, and that his maximum sentence will not expire until April 9, 1953. The commissioner's certificate is not disputed.

When claimant was sentenced to imprisonment in a State prison his right to sue the State of New York was suspended. (*Green* v. *State of New York,* 278 N. Y. 15 [1938].) That right has not been restored by commutation, conditional or unconditional (*Matter of White v. State of New York,* 166 Misc. 481 [1938]), nor by expiration of the sentence (*Benson* v. *State of New York,* 183 Misc. 972 [1944]). Nor is the claimant the bene-

ficiary of a special statute (*Green* v. *State of New York, supra*; *Cullen* v. *State of New York,* 277 N. Y. 541 [1938] ; *Bhullar* v. *State of New York,* 248 App. Div. 802 [1936] ;*Tomaselli* v. *State of New York,* 168 Misc. 674 [1938].)

At least until March 30, 1946, a parolee from a State prison was under continued disability to sue. (*Lehrman* v. *State of New York,* 176 Misc. 1022 [1941] ; *Hayes* v. *State of New York,* 50 N. Y. S. 2d 492.) Effective on that date was the enactment of chapter 260 of the Laws of 1946, which amended section 510 of the Penal Law by adding thereto the following:

" but nothing herein contained shall be deemed to suspend the right or capacity of any of the following persons to institute an action or proceeding in a court or before a body or officer exercising judicial, quasi-judicial or administrative functions, with respect to matters other than those arising out of his arrest or detention;

" a. A person sentenced to state prison for any term less than for life, on whom sentence was imposed and the execution of the judgment suspended, while the execution of the judgment remains suspended;

" b. A person sentenced to state prison for any term less than for life, while he is released on parole."

This amendment was not construed in *Nastasi* v. *State of New York* (186 Misc. 1051 [1946]), as it was immaterial to the issues therein considered. Claimant is a person within subdivision b, hereinabove quoted.

The question here to be decided is: Do the words in the amendment " with respect to matters other than those arising out of his arrest or detention " extend the suspension of civil rights of this claimant until the expiration of his maximum sentence? The deputy attorney-general asserts that the intent of the Legislature in excepting actions arising out of the arrests or deten-. tion was to prevent prosecution of an action such as the one at bar and to support his argument invokes a quotation from the notes of the Law Revision Commission. (See N. Y. Legis. Doc., 1946, No. 65 [F], pp. 5, 32, 33.)

The amendment may affect actions and proceedings directly flowing from the arrest or detention. Perhaps it suspends actions for false arrest, false imprisonment or malicious prosecution. But, in our opinion, it should not be construed to apply to all causes which may arise *during* detention. We believe that the intent of the Legislature was to remedy the situation which existed in the *Lehrman* and *Hayes* cases (*supra*). Admittedly, under the decisions, claimant will be able to prosecute his

suit on April 10, 1953, if he does not violate his parole or find himself again incarcerated at that time. Such delay may deprive both plaintiff and defendant of necessary and material witnesses. Justice dictates a prompt trial. Were claimant the victim of an automobile accident in the public street on any day since his parole began, his right to institute and prosecute, immediately, an action against an alleged wrongdoer, whether individual or corporation, would be recognized under the 1946 amendment. The Attorney-General concedes as much. To say that action on a wrong which claimant may have suffered while in prison by reason of the negligence of a State employee must be postponed, while action on the hypothetical cause which we have assumed could be prosecuted, is narrow, illiberal, inconsistent and contrary to the present day American concept of the relation of State to man. (Court of Claims Act, § 8.)

Claimant filed with the clerk of the Court of Claims two documents, one on November 12, 1947, the other on December 19, 1947. Each purports to be a claim. Their language is identical except that the second one filed, which is numbered 28820, contains a statement that the claim has not been assigned. Both were verified in the State of New Jersey. No certificate of authority of the officer taking claimant's affidavit was attached to the one first filed and numbered 28781. The Attorney-General asks for dismissal of that claim on the ground that the verification is defective. The remedy for a defective verification is to treat the pleading as a nullity, provided the adverse party gives notice with due diligence that he elects to do so. (Civ. Prac. Act, § 253.) Failure to act promptly is a waiver of the defect. (*Schwarz* v. *Oppold,* 74 N. Y. 307 [1878]; *Paddock* v. *Palmer,* 32 Misc. 426 [1900].) It does not appear that the Attorney-General has availed himself of the practice provision. However, as it appears that the claimant has filed duplicate claims, it is obvious that at some time before this litigation comes to an end, one or the other pleading must be disregarded. That action may await the event.

The Attorney-General's notice of motion contains the usual prayer for " other and further relief ". This does not entitle the defendant, at this time, to a dismissal of the claim because it appears on the face thereof that it does not state facts sufficient to constitute a cause of action. (Civ. Prac. Act, § 280; Rules Civ. Prac., rule 106, subd. 5; *Yager* v. *Yager,* 214 App. Div. 671 [1925]; *Matter of Schmidt,* 33 N. Y. S. 2d 341 [1942].) However, this objection may be the subject of another motion. (Rules Civ. Prac., rule 106, subd. 5; rule 112.) Or it may be raised

upon the trial. (Civ. Prac. Act, § 279; *Stage* v. *Michigan Central R. R. Co.*, 199 App. Div. 675 [1922].) On the argument of this motion, it was not mentioned.

The claim as filed is defective. It contains no allegation that claimant's injury was caused by the tort of an officer or employee of the State (Court of Claims Act, § 10, subd. 3) and no allegation that the claimant was free from contributory negligence. (*Apropo* v. *State of New York*, 161 Misc. 142 [1936].) It would seem that when these objections are properly brought before the court an amendment of the claim may be granted in the exercise of discretion. (Civ. Prac. Act, § 283; *Stage* v. *Michigan Central R. R. Co.*, *supra*; *Donnelly* v. *Bauder*, 217 App. Div. 59 [1926].) For the present the motion made by the Attorney-General is denied. Submit order.