ARTHUR MELTON, Claimant, *v.* STATE OF NEW YORK, Defendant. (Claim No. 29932.)

Court of Claims, September 18, 1950.

*Alexander I. Tomanovich* for claimant.

*Nathaniel L. Goldstein, Attorney-General* (*Joseph A. Drago* and *George R. Davis* of counsel), for defendant.

RYAN, J. Claimant, a parolee from Auburn State Prison, sues to recover damages for personal injuries sustained while he was an inmate. He has present capacity to sue. (*Grant* v. *State of New York,* 192 Misc. 45 [1948]; *Duffy* v. *State of New York,* 197 Misc. 569 [1950]. See comment, N. Y. L. J., Aug. 3, 1950, p. 184, col. 1.)

The accident occurred on November 4, 1948, in a prison shop where claimant was working as the receiver at the rear of a shearing machine used to cut strips of steel which later became tags to be fastened to the 1949 motor vehicle license plates. Claimant had previously worked as operator of the machine and was familiar with it. On the date of the accident claimant's duties were to pick up and stack the strips which, as they came off the machine, fell on four slides, or brackets, at the rear of and below the bed of the cutting table. Claimant was also required to separate the scrap from the good strips. The operator of the machine, who fed it from the front, or the side opposite to claimant, was provided with a steel rod to push out of the way any strips or scraps caught in the blade and thus to clear the machine. There was a guard on the operator's side of the machine but no guard on the receiver's side.

In some manner, which neither the claimant nor any other witness has explained, claimant's right hand must have come between the descending blade and the bed of the machine. A phalanx from each of two fingers was severed. A third finger was lacerated. It may be inferred that claimant raised his hand above the brackets intended to receive the falling strips of metal and up to the level of the cutting bed. At that point the

machine was dangerous, obviously. But there is no proof that a guard on the receiver's side of it was usually provided on such machines, or was practicable, or would have prevented the accident.

Claimant, a prison inmate, assumed no risks of employment. This does not mean that he could abandon all caution. It has been said that inmates of prisons and custodial institutions, being deprived of their liberty of action, have no choice to do anything except as they are ordered to do. (*Scalia* v. *State of New York,* 147 Misc. 622 [1933]; *Lee v. State of New York,* 187 Misc. 268 [1946]. See, also, *Union Trust Co.* v. *State of New York,* Claim No. 28435 [1949], unreported.)

Citing the *Scalia* and *Lee* decisions claimant's counsel requests that we adopt the following proposed conclusions of law: '' 13. While compelled to work at duties assigned and not assuming any risk thereby, claimant could not be guilty of contributory negligence.'' This we refuse. Neither *Scalia* nor *Lee* nor *Gould* v. *State of New York* (196 Misc. 488 [1949]) support a doctrine so absolute. Assumption of risk ought not be confused with contributory negligence. Litigants whose complaints have resulted from accidents occurring to them while they were in the State's custody have never been absolved from the requirement of establishing their own freedom from contributory negligence. Many claims similar to this one have been dismissed for failure of the plaintiff to meet this burden. Among them are *Ryer* v. *State of New York* (Claim No. 23686 [1935], affd. 249 App. Div. 694); *De Pola* v. *State of New York* (Claim No. 23857 [1935], affd. 249 App. Div. 793), and the following unreported cases: *Gaffney* v. *State of New York* (Claim No. 23170 [1933]); *Ehrlich* v. *State of New York* (Claim No. 23353 [1935]); *Cardillo* v. *State of New York* (Claim No. 24805 [1939]); *Livingston* v. *State of New York* (Claim No. 25282 [1939]); *Zulawski* v. *State of New York* (Claim No. 25051 [1940]); *Masich* v. *State of New York* (Claim No. 25318 [1940]); *Engwall* v. *State of New York* (Claim No. 25050 [1941]), and *Shrader* v. *State of New York* (Claim No. 26321 [1944]).

Claimant was required to obey the order to work on the machine but no one directed or compelled him to put his hand near the knife. The operator possessed an implement for clearing away any metal that stuck. Claimant need not have attempted to clear it with his hand, if that is what he did.

Claimant has failed to establish that any act or omission on the part of the State was the cause of his injury. He has failed to establish that he did not contribute to it. His claim must be dismissed. Decision accordingly.