Russell G. Hunt, J.
The claimant was injured on June 14, 1943, while confined to Clinton State Prison at Dannemora, New York, following his conviction on October 6, 1940, for robbery in the second degree in General Sessions Court, New York County. The confinement was upon an indeterminate sentence of not less than 5 years and not more than 10 years. His injury occurred while he was working in a stone quarry when a piece of stone flew into his left eye from the rock upon which he was working with tools furnished by the State. The claimant has a traumatic cataract of the left eye and only 5% vision therein. His vision at the time of confinement was 100%.
The accident was due to the negligence of the State, it is charged, in that the State failed and refused to provide the claimant with goggles or other eye protection while requiring him to perform hazardous work. As authority for a recovery *299 herein, claimant cites Heftie v. State of New York (13 Misc 2d 410) wherein, for failure to provide safety goggles, a claimant received an award for the loss of an eye.
At the end of the claimant’s case, and, again at the end of the entire case, the State moved to dismiss the claim upon the ground that the claim was not timely filed and hence the court is without jurisdiction. Decision was reserved.
It appears that a notice of intention to file a claim was filed on September 29, 1951, and the claim was filed on April 18, 1952. But, the State contends, the claimant had the opportunity to file his claim years before and should have done so. It was established that he was first paroled on February 28, 1945, and he was declared delinquent and returned to prison on January 9, 1946; he was reparoled on February 24, 1947, and then declared a delinquent on May 12, 1950, but was not returned to State prison until April 4, 1951, where he was confined until August 18, 1951, when he was finally discharged; and, it is argued that the claimant could have filed his claim during the period of over three years while he was on parole, i.e. from February 24, 1947, until May 12, 1950, when he was declared a delinquent (there is no evidence of claimant’s whereabouts from the date he was declared delinquent until his reconfinem'ent in State prison on April 4,1951).
Claimant’s counsel argues, however, that pursuant to the last sentence of subdivision 5 of section 10 of the Court of Claims Act the claimant had two years from his final discharge within which to file a claim and that “ the claim was presented' within two years after such disability is removed ’ ’. But, the State contends that under the 1946 amendment to section 510 of the Penal Law (eff. March 30, 1946), this claimant’s right to file a claim was restored during the time he was on parole and since his legal disability to do so was suspended for over three years, his failure to file a claim within two years from the time he was first legally permitted to do so, constitutes a bar to this claim.
Section 510 of the Penal Law, before the 1946 amendment, provided for the suspension of all of the civil rights of a person sentenced to 'a State prison for a term of less than life and this was held, in Green v. State of New York (278 N. Y. 15), to mean that a person whose civil rights were suspended lacked capacity to sue. The suspension applied to those on parole, and, this lead the Law Revision Commission to recommend successfully to the 1946 Legislature that the suspension should be removed and those persons should have restored to *300 them the right to sue (1946 Report of N. Y. Law Rev. Comm., p. 159).
The 1946 amendment was in effect upon the claimant’s release on parole from Clinton State Prison on February 24, 1947, and, thereunder, his right to sue was restored while on parole and his claim herein should have been filed within two years after his parole commenced (Grant v. State of New York, 192 Misc. 45; Duffy v. State of New York, 197 Misc. 569; Melton v. State of New York, 198 Misc. 654, appeal dismissed 108 N. Y. S. 2d 967). The claim was not timely filed, and, since this court is without jurisdiction, it must be dismissed.
Findings of fact and conclusions of law are filed herewith.