Alexander Del Gtorno, J.
These are claims to recover for personal injuries sustained as a result of the alleged negligence of the State.
On February 21, 1955 an explosion occurred in the bake shop in Sing Sing Prison, where claimants were inmates, causing burns and other injuries to them. Following the death of claimant Herder, the Public Administrator was substituted for him by order of this court.
De Simone had been assigned to repair, maintain and lubricate the bake shop equipment, which included a secondhand Middleby Marshall Bake Oven installed in the prison in 1951 by the I. J. White Corporation. This company at the time of installation, gave to Olaf Engkvist the civilian baker in charge of the bake shop, a complete course of training and instructions as to how to operate the machinery of the oven. Engkvist in turn relayed these instructions to De Simone.
Another of the duties of De Simone, as testified to by Engkvist, was to light the oven. De Simone testified that for three or four days before the accident, and on the day of the accident, the oven had been lit by Herder.
On the left-hand side of the oven, there were two openings. One was a door containing an isinglass window located about 18 inches from the- ground, through which the pilot was lighted. The other was a two-foot square covered opening to permit access into the oven for cleaning purposes. This cleaning opening was about two feet closer to the front of the oven than the *284 firing porthole and was covered with an insulated plate fitted wedge-shaped into the opening.
De Simone testified that on the morning of the accident he had been preparing coffee for breakfast for Herder, for another inmate, for correction officer Haring and for himself. Herder came over to him and said that no heat was showing on the oven indicator. Then De Simone and Herder went to the oven, where De Simone looked in at the glass door of the front loading gate, observing that the main burners were unlit. He noticed also that the indicator registered no heat in the oven. He testified that an amber light was on, which indicated only that the pressure pump was releasing gas but not that the fire was on. De Simone then went through the doorway on the side of the oven and bent down, facing the port door leading to the pilot light inside the oven, in order to open the port door. At this time Herder was directly behind him in the alleyway at the side of the oven. As De Simone was about to open or opened the port door, he heard a “sizzle”. He jumped to his feet and both he and Herder started to run away. There was then an explosion. Flame enveloped both claimants, who suffered burns. The explosion also hurled a door, on the side of the oven, loose from its place, striking De Simone’s right knee.
The evidence conclusively demonstrates that De Simone was an expert mechanic having a complete knowledge of mechanics and combustion.
De Simone testified that before the date of the accident there had been gas failure in the oven and that there had been prior explosions. Engkvist denied that there had been prior explosions, but admitted that rectification and maintenance work had been performed previously.
After the explosion on the date in question, a serviceman was sent to the prison by the White Company, the bill for the services rendered by him indicating that adjustments were made. There was no mention of the making of repairs or the installation of parts.
The president of the White Corporation testified that if the pilot light had been on, gas in the oven would have been ignited previously, whereas if the pilot light was off, there would have been no cause for an explosion. He stated that if the pilot light is on, it can be seen through the isinglass window, and that the oven could be relit by pushing buttons to recycle the motor without the necessity of opening the door. He could not say what caused the explosion.
At the close of claimants ’ case, the State moved for dismissal on the ground that 1) no prima facie case had been presented, *285 2) there was no evidence that any negligence of the State was the proximate cause of the accident, 3) that claimant was guilty of contributory negligence, 4) that claimant did not use reasonable care commensurate with his mechanical knowledge and 5) that the negligence, if any, was the fault of the contractor.
In a claim against the State made by a prison inmate, the Labor Law itself may not be invoked as the basis of the action. The Labor Law, however, does provide the standard of care applicable to the State in a common-law action for negligence. (Beale v. State of New York, 46 N. Y. S. 2d 824, 826 ; Lee v. State of New York, 187 Misc. 268 ; Gould v. State of New York, 196 Misc. 488 ; Duffy v. State of New York, 197 Misc. 569.) Section 200 of the Labor Law provides that all places shall be constructed, equipped, arranged, operated and conducted so as to provide reasonable and adequate protection to the lives, health and safety of all persons employed therein.
Thus it was the duty of the State to provide claimants, De Simone and Herder, with a safe place in which to work and with safe equipment in good repair and properly maintained.
The State had an obligation also to apprise him of any dangers, known to it to the extent that he could not reasonably be expected to discover them himself. (Campo v. Scofield, 276 App. Div. 413, affd. 301 N. Y. 468.) The court is satisfied that De Simone was fully instructed in every phase of the operation of the oven. Further, De Simone was an acknowledged expert mechanic and should have been fully conversant with the operation of the oven.
The only proof offered on the trial as to the happening of the accident was the testimony of De Simone himself. All he showed was that the explosion occurred. He did not ascribe any reason for the occurrence of the explosion, nor could the expert witness, the president of the White Company. The cause being unexplained, the court cannot find that the State was negligent. The mere happening of an accident carries with it no presumption of negligence on the part of the State. (Richards v. State of New York, 205 Misc. 3.) The accident must have been caused by the sudden ignition of compressed gas, which presupposes the presence of fire; it could not result from the compression of gas alone, for it must be borne in mind that De Simone was burned as a result of the explosion. If speculation were to be indulged in, the cause might be found to have been the lighting of a match, smoking, or the creation of a spark by the opening of the fire door. The proof, however, is silent on this point, and the State cannot be held to have been guilty of negligence on this record, in spite of whatever sympathy *286 the court may have for the claimants for their injuries so unfortunately sustained.
The claim of Thomas I. Fitzgerald, Public Administrator of the goods, chattels and credits of Emil Herder, deceased, is dismissed.
The claim of John De Simone is dismissed.