Melvin H. Osterman, J.
This is a claim for the alleged negligence of the State of New York in the operation, maintenance and control of the workshop at Sing Sing Prison, Ossining, New York.
On January 10, 1944, the claimant was assigned to work a punch press machine in the aforesaid workshop for the purpose of punching out certain dies on a strip of metal placed in the bed of the machine. The machine’s operation consisted of placing a metal strip along the bed guide and tripping a clutch which would allow the overhead die press to come down upon the metal strip thereby punching the desired holes and then releasing itself again to its overhead position. Upon completion of this phase, the operator would then hit the metal strip out of the bed with a stick and repeat the operation by inserting another metal strip. On the aforesaid day, while operating this machine, the claimant had placed a metal strip in the bed and before hitting the clutch pedal, the overhead die came down, thereby crushing his fingers between the die and the bed.
At the opening of the trial, the defendant moved to dismiss this claim on jurisdictional grounds, asserting that the claim *242 had not been timely filed within the statutory provisions of section 10 of the Court of Claims Act. It is, therefore, necessary for the court to first determine this motion before the merits of the cause may be discussed.
The claimant was incarcerated in Sing Sing Prison from November 24, 1943, to January 1, 1949. On March 21, 1949, within 90 days after his release on parole, the claimant filed a document with the Clerk of the court and the Attorney-General which was labeled a “Notice of Intention”, but which apparently contained all of the necessary allegations of a claim itself. After a subsequent incarceration from 1953 to 1956, for violation of parole, the claimant filed a second document, on May 15,1957, labeled “A Claim”, which has now been brought to trial in this proceeding. The defendant argues simply that the “ Claim ” had to be filed within two years after the disability was removed, viz., January 1, 1951, and that the “Notice of Intention ” cannot be considered as complying with the provision of the Court of Claims Act respecting the filing of a claim. Upon the State’s motion to dismiss, the claimant cross-moved to have the “ Notice of Intention ” deemed a claim in order to comply with the time limitation of the Court of Claims Act.
The court is persuasively impressed by the sound reasoning contained in Chalmers & Son v. State of New York (271 App. Div. 699, affd. 297 N. Y. 690) and feels that the decision in the Chalmers case can well be applied to the facts and circumstances of the instant proceeding.
At the time of the accident, the State had every opportunity to make a complete and thorough investigation of its cause; whatever witnesses there might have been present were available to the State; the machine itself, exclusively controlled by the State, was available for unlimited examination and testing; the medical record of claimant’s injury was likewise in the possession of the State since the claimant was treated at the prison hospital. Furthermore, the State was apprised of some impending legal action when the “Notice of Intention” was filed in 1949.
Significantly, the State’s major contention in its brief is that because of the delay in prosecuting this proceeding, it was not afforded the proper opportunity to collect and present witnesses or testimony. Clearly, the disability provisions of the Court of Claims Act and of the Civil Practice Act will often result in claims and causes of action being tried long after the accrual of the right to litigate. While these provisions- can make the defendant’s task somewhat more difficult, apparently the Legislature has felt that the benefits running in favor of the person *243 under disability outweigh the defendant’s difficulty. It is with this reasoning in mind that we must say that so long as prejudice or suprise or other compelling reason do not confront the defendant, then substance should override form. The “ Notice of Intention ’ ’ herein will be deemed a claim filed as of March 21, 1949.
Consequently, the State’s motion to dismiss for lack of jurisdiction is denied and claimant’s cross motion is granted.
With respect to the merits of this claim, the only testimony offered at the trial is that of the claimant whose recollection of the accident and subsequent events impressed the court with its clarity and credibility.
The claimant testified that he had been assigned to this punch press by the civilian foreman on the day of the accident; that he had worked on a punch press prior to his incarceration; that almost immediately upon operating the machine he felt the operation uncomfortable because of a metal guide being out of line; that he reported this defect to his superior; that a mechanic was sent who attempted to fix the guide by hammering it against the bed of the machine; that subsequent to the attempted repair the guide got stuck again whereupon the claimant again reported the defect to the civilian foreman.
The claimant also testified that at the time of his reporting the defective guide, he specifically told the foreman, “Your clutch is slipping * * * I got two revolutions on several occasions.” The foreman replied that he would have it looked into, but in the meantime said, “ don’t hold up the assembly line. Try to get back and run off as many pieces as you can.” Claimant further testified that he had told the civilian foreman approximately two times before the accident about this clutch slipping; that after the second complaint the foreman sent the mechanic down to look at the machine; that the claimant complained to this man about double clutching, but the mechanic did nothing to repair the same; that after the mechanic left, the claimant again complained to the foreman who again admonished him to continue working.
After these repeated complaints, admonitions and nonrepairs, the claimant was injured in the manner described.
Although the exact manner of how the accident mechanically occurred is absent from the testimony, we find that in considering all of the facts testified to at the trial, the court is justified in inferring negligence under these circumstances and not from the fact of the injury itself. (Garrow v. State of New York, 268 App. Div. 534, affd. 294 N. Y. 741; Cassidy v. State of New York, 5 Misc 2d 835, 837.) We find that the accident occurred *244 on a defective machine controlled by the defendant who had due notice of such defect and who failed or neglected to repair the same. Upon such grounds we hold the defendant chargeable and liable for that negligence (Lincoln v. State of New York, 19 Misc 2d 931).
Finally, the defendant contends that the claimant is guilty of contributory negligence in his continuing to operate the machine after having reported the defect and having observed that no repairs were done thereon. This contention cannot be sustained for the claimant herein, unlike a private citizen, was not a free agent but an inmate of a penal institution. Under such circumstances, the court finds that the claimant was free from contributory negligence. (Nunally v. State of New York, 197 Misc. 764; Scalia v. State of New York, 147 Misc. 622; Lee v. State of New York, 187 Misc. 268.)
With respect to the injuries sustained, the claimant suffered a traumatic amputation of the two middle ring fingers of the left hand at the last phalanx which amputation was closed under anesthesia at the prison hospital. The claimant spent approximately five days in the prison hospital with recovery marked as “ excellent
Clearly the claimant can never have full use of his left hand and must bear a residual damage both functionally and cosmetically to that hand for life. Consequently, we find that the claimant has been damaged in the amount of $6,000 for pain and suffering and residual permanent injury as a result of the accident and he shall have judgment against the State of New York for that amount.
This claim has not been assigned nor submitted to any other court or tribunal for audit and determination.
All motions made by the State to dismiss this claim upon which decisions were reserved at the trial are hereby denied.