ROBERT CALLAHAN, Appellant, *v.* STATE OF NEW YORK, Respondent. (Claim No. 34105.)

Third Department, November 8, 1963.

*Jerome B. Tobias* and *Everett Johns* for appellant.

*Louis J. Lefkowitz, Attorney-General* (*Edwin R. Oberwager* and *Paxton Blair* of counsel), for respondent.

GIBSON, J. Claimant, while an inmate of a State prison and working in the prison workshop, was injured when his hand and arm were caught between the rollers of a corrugating machine, used to process garbage cans. Claimant testified that upon completing one operation he manipulated the trip safety switch and

reached for the processed can; that when the switch did not stop the machine, his fingers were drawn in and as another workman tried unsuccessfully to activate the trip switch, claimant's arm was drawn in until another workman threw the shop's main power switch. It seems to be undisputed that the machine was built in 1927 and, so far as known, had not been checked by a factory representative or civilian machinist during the intervening years. There was credible evidence that on a number of occasions prior to the time of the accident a bolt had become loose, with the result that the trip switch or safety stopping device would not work. Concededly, claimant's instruction (by an '' inmate foreman '') in the use of the machine was in a '' very short time  *  *  *  the course of half an hour ''.

At the conclusion of the testimony, the trial court announced its oral decision stating, among other things, that why the machine did not stop '' may be a matter of speculation because it could be argued that the wedging of an object, an object such as a man's arm between the drums might have been a reason for the stopping device not working. The Court must find that, there being no sufficient evidence to the contrary, the safety device, that is, the bar in and of itself was sufficient.'' The trial court's conclusion, thus stated, seems to us actually to point up the true basis of the State's liability. Surely, the purpose of the safety device was to prevent the very thing that occurred and if the device was ineffective for that purpose it was obviously inadequate. We may have recourse to the Labor Law as establishing a standard of care by which the State may be judged (cf. *Fitzgerald* v. *State of New York*, 28 Misc 2d 283, 285). That statute provides that machinery '' shall be so placed, operated, guarded, and lighted as to provide reasonable and adequate protection '' to the operators. (Labor Law, § 200; and cf. Rules, Board of Standards and Appeals, Department of Labor, 12 NYCRR 19.7.) We find that the safety device was defective and inadequate, as the State knew, or should have known; and, under all the circumstances, we find that claimant established his freedom from contributory negligence. Claimant sustained permanent injuries to his right hand and should have an award therefor.

The judgment should be reversed, on the law and the facts, and judgment for $20,000 in favor of claimant directed, with costs.

BERGAN, P. J., REYNOLDS and TAYLOR, JJ., concur.

Judgment reversed, on the law and the facts, and judgment for $20,000 in favor of claimant directed, with costs.