■ ARVESTIA HICKS, Appellant-Respondent, v STATE OF NEW YORK, Respondent-Appellant.—Harvey, J.

In March 1982, claimant, an inmate at Great Meadow Correctional Facility, sustained injuries to his left hand while operating a table saw. At the time of his injury, claimant was assigned to a work unit that was renovating an old school house. Claimant had previously operated the saw and had received instructions from a correction officer as to the proper use of the saw. Claimant's injuries resulted in, *inter alia,* a deformity of his left index finger and permanent stiffness of another finger. Dr. Frank Hudak has recommended that the index finger be amputated.

In February 1983, claimant filed this claim against the State. At trial, it was shown that a safety guard had been removed from the saw prior to the accident and that the saw had been placed on a potentially unstable base. There was also evidence that claimant had received instructions on how to operate the saw and failed to adhere to that advice. The Court of Claims determined that claimant's damages were $80,000 and that claimant and the State were equally responsible for the injuries. The judgment was accordingly reduced to $40,000. These cross appeals ensued.

Claimant suggests that the Court of Claims decision that he was 50% responsible for the injuries suffered is erroneous because he was an inmate and, thus, allegedly required to participate in the renovation project where the incident occurred. An inmate may be held contributorily negligent for the manner in which he engages in his assigned activities *(see, Telfair v State of New York, 87 AD2d 610; Callahan v State of New York, 19 AD2d 437, 438, affd 14 NY2d 665; Giles v State*

*of New York,* 106 Misc 2d 329, 335; *but see, Mariano v State of New York,* 31 Misc 2d 241, 244). Here, there was evidence that claimant failed to follow instructions as to the proper operation of the machine and that he proceeded despite the obvious danger involved. Hence, we conclude that the evidence amply supports the court's apportionment of liability.

The State, on its cross appeal, asserts that the damages awarded were excessive. Where a Judge, rather than a jury determines damages, this court has broad authority to modify the damage award *(compare Mesick v State of New York,* 118 AD2d 214, 220, *lv denied* 68 NY2d 611, *with Madden v County of Nassau Dept. of Recreation & Parks,* 117 AD2d 717, 719). Here, claimant sustained injuries to his thumb and three of the fingers on his left hand. Claimant's injuries continue to cause him to suffer pain. He has an obvious deformity which will undoubtedly necessitate further medical expenses and the amputation of his index finger. Although he is able to maintain his job as an operator of a printing press, the injury does cause him some problems in performing his work. Further, he has been forced to give up certain recreational activities. We conclude that the award of damages was reasonable *(see generally, Excessiveness or Adequacy of Damages Awarded For Injuries To Arms and Hands,* Ann., 12 ALR4th 96, 180-184).

Judgment affirmed, without costs. Kane, J. P., Main, Yesawich, Jr., Levine and Harvey, JJ., concur.