MABEL LIFTCHILD, as Committee of ETHEL M. LIFTCHILD, an Incompetent Person, Claimant, *v.* STATE OF NEW YORK, Defendant.

(Claim No. 27091.)

Court of Claims, April 7, 1943.

*John J. Bennett, Jr., Attorney-General (Martin P. O'Leary* of counsel), for defendant.

*Amy Wren* for claimant.

GREENBERG, J. The claim herein was filed by Mabel Liftchild, as committee for Ethel M. Liftchild, an incompetent, to recover damages sustained by the incompetent on October 15, 1940, as a result of negligence of the State in the care and supervision of said incompetent while she was an inmate at the Creedmoor State Hospital. On or about March 23, 1935, Ethel M. Liftchild, by order of the Supreme Court of the State of New York, was committed as a person of unsound mind to the Brooklyn State Hospital, and was thereafter on May 2, 1935, transferred to the Creedmoor State Hospital where she was confined at the time she sustained the injuries sued for herein. On the 28th day of July, 1939, Mabel Liftchild was, by an order of the Supreme Court, appointed a committee for the incompetent and on the 7th day of August, 1939, she duly qualified as such by filing a bond with the Clerk of the County of Kings, whereupon on the 11th day of August, 1939, the commission was issued to said Mabel Liftchild as a committee of Ethel M. Liftchild, the incompetent. Said commission to Mabel Liftchild as a committee of the above-named incompetent has not been modified, amended or vacated.

A notice of intention to file the claim herein was filed with the Clerk of the Court of Claims on April 3, 1941, and the claim was filed herein with the Clerk of the court on January 26, 1942, and with the Attorney-General on January 27, 1942. It thus appears that the claimant herein has failed to comply with the statutory provisions with respect to filing the claim in that neither the notice of intention to file the claim nor the

claim was filed and served herein by Mabel Liftchild as the committee of the incompetent within ninety days from the time the cause of action accrued. (Court of Claims Act, § 10, subd. 3; L. 1939, ch. 860.)

The filing of the claim by the claimant committee within two years from the accrual of the claim did not cure the defective filing of the notice of intention. Subdivision 5 of section 10 of the Court of Claims Act, which provides: " * * * if the claimant shall be under legal disability, the claim may be presented within two years after such disability is removed," does not help the claimant herein. A committee is appointed to take care of the person or property of one who is incompetent to manage himself or his affairs. (Civ. Prac. Act, § 1358; *Finch* v. *Goldstein,* 245 N. Y. 300.) Ethel M. Liftchild, having been judicially declared incompetent to manage her affairs, and a committee of her property having been duly appointed, she no longer possessed the legal capacity to sue or file the claim herein. Section 236 of the Civil Practice Act, insofar as it is relevant, provides as follows: " A party who is of full age may prosecute or defend a civil action in person or by attorney unless he has been judicially declared to be incompetent to manage his affairs." This provision expressly precluded the incompetent herein from prosecuting the claim while she remained judicially incompetent to manage her own affairs. During such period she could sue through her committee only. (Civ. Prac. Act, § 1377; *Matter of Brown,* 131 Misc. 420.) Until the incompetent's disability is removed, the two-year period provided for under subdivision 5 of section 10 of the Court of Claims Act has no application, and it was, therefore, incumbent on the incompetent's committee to comply with the statutory provisions with respect to timely filing of the claim, and, failing in that respect, the court herein has no jurisdiction of the within claim.

The motion to dismiss made at the close of claimant's case, upon which decision was reserved, is therefore granted.

In view of the present disposition of the claim, there is no necessity for the court to make any findings of fact. (Civ. Prac. Act, § 441; *Levine* v. *Charlow,* 254 App. Div. 416, 417; *Dillon* v. *Cortland Baking Co.,* 224 App. Div. 303; *Kagen* v. *Avallone,* 243 App. Div. 437; *Ring & Son* v. *Winola Worsted Yarn Co.,* 228 N. Y. 127.)