Richard S. Heller, J.
This claim for personal injuries suffered by the claimant on September 25, 1946 when he was an inmate at the Mattewan State Hospital alleges negligence on the part of the State as the sole proximate cause of an accident wherein claimant lost three quarters of his left arm and sustained other injuries.
Claimant was born on January 26, 1931. On April 10, 1945, at age 14, he was indicted for first degree murder in Bronx County, New York, charged with the premeditated killing of his two-year-old brother. Thereafter the claimant was duly found to be in such a state of insanity as precluded his trial at that time and he was duly committed to Mattewan State Hospital which he entered on June 18,1945. He was confined at Mattewan State Hospital until October 19, 1954 when he was certified as sane and returned to the County Court of Bronx County for trial. He was found guilty and sentenced to death but the Court of Appeals, on appeal, dismissed the indictment on April 26, 1956 and claimant was discharged on May 3, 1956.
This claim was duly filed on September 18, 1956 and has not been assigned.
Claimant was working as a waiter at Mattewan until August 1, 1946 when he was assigned to the hospital laundry. His job at the laundry was to operate an extractor and to take the laundry from the machine with a net and transfer it for drying. The extractor was a round power-driven machine three to three and one-half feet in diameter. Inside the machine was located a cage which held the wet clothes. This cage revolved at 1,000 revolutions per minute when in operation. The extractor was covered by a lid with a fastener when in operation, but the lid could be opened or left open while the cage was in motion. The machine also had a foot brake which, when applied, slowly brought the revolving cage to a stop.
*1020 On September 25, 1946, claimant, then 15 years of age, was operating the extractor. According to his testimony, as he attempted to brake the machine his foot slipped and the net held in his left hand became engaged with the revolving cage and an accident occurred which cost him most of his left arm. The only instructions ever given this claimant as to the operation of the machine came from another patient at the hospital. The conclusion is inescapable that the claimant and others operated the machines with the top lids off most of the time.
The machine itself was a model which did not conform to the ‘ ‘ construction, equipment, maintenance and operation of laundries ’ ’ promulgated by the Department of Labor through its Board of Standards and Appeals. Rule 1715, effective the date of the accident and for some 20 years prior to the accident, provides in subdivision b: “ Each extractor hereafter installed shall be equipped with an interlocking or other approved device that will prevent the cover being opened while basket is in motion, and also prevent the operation of the basket while cover is open. On and after January 1, 1925, this rule shall also apply to existing installations, where practicable.”
The Labor Law prohibits the employment of children under the age of 16 in any operation or assisting in any operation of laundering machinery. (Labor Law, § 146, subd. 1, par. g.)
In appraising the State’s negligence the standards it has created for others by its statutes and rules may be very properly applied. (Gould v. State of New York, 196 Misc. 488.)
It is the opinion of the court that the State was negligent in permitting a 15-year-old boy, mentally disturbed, to operate a motor-driven machine without proper instructions or safeguards. It is the further opinion of the court that the claimant was free from contributory negligence. Claimant is entitled to an award for his injuries. (Paige v. State of New York, 245 App. Div. 126, affd. 269 N. Y. 352.)
The accident causing the injuries to claimant occurred on the morning of September 25, 1946. Claimant was taken to the hospital ward at 11:30 a.m. and at 4:00 p.m. his left arm was amputated about midway between the shoulder and the elbow. This operation was followed by a period of recuperation and claimant was returned to general ward residence on November 23, 1946. On June 9, 1948, a reamputation was performed on claimant and he remained in the hospital ward for four days before being returned to his residence ward.
Claimant has not made an enviable record since his discharge and no proof of loss of earnings or possible loss of earnings is *1021 contained in the record. Claimant states that he has been a radio and television repairman since his release.
In assessing damages which will compensate the plaintiff for the natural and proximate consequences resulting from the negligence of the State, a review of the facts indicate the seriousness of the handicap suffered by claimant. It is the opinion of the court that the claimant is entitled to an award in the amount of $30,000 for his pain and suffering, temporary injuries and injuries that are permanent, and for loss of prospective earnings due to the permanent injuries.
The foregoing constitutes the written and signed decision of the court upon which judgment may be entered. (Civ. Prac. Act, § 440.)
Let judgment be entered accordingly.