Caroline K. Simon, J.
Clamant’s committee moves for an order permitting the late filing of a claim to recover damages sustained by the above-named incompetent as the result of the alleged negligent care and supervision of said incompetent while an inmate of Creedmoor State Hospital, pursuant to the provisions of subdivision 5 of section 10 of the Court of Claims Act.
The uncontroverted factual recitals contained in the supporting affidavit submitted by the committee establish that the incompetent was admitted to the afore-mentioned institution on October 22, 1962, having been certified thereto by order of the Supreme Court, Queens County, dated October 19, 1962. Thereafter, on December 19, 1963, the movant herein qualified and a commission was issued to him to act as committee of the person and property of the incompetent pursuant to the terms of an order made and entered in the Supreme Court, Queens County, dated November 26, 1963 wherein the committee was appointed. This commission remains extant and unrevoked.
On January 16, 1964 the committee communicated in writing to the Director of Creedmoor State Hospital advising him of the aforesaid appointment and requesting a resume of his ward’s condition, the prospects for his release and other pertinent information. By letter dated January 28, 1964, the committee was advised by the hospital that his ward had sustained a fracture of the left femur on June 27,1963. Thereupon further correspondence between the committee and the hospital ensued, which revealed that the incompetent was in the exclusive custody and control of the defendant’s authorities on the date that the injuries were sustained. This information was corroborated during the course of an interview conducted at the hospital by the committee on October 8, 1964, at which time the incompetent’,s treating psychiatrist and a ward attendant advised the committee that the incompetent had fallen while unattended in a hallway of one of the hospital buildings. The committee was further advised during the course of the interview that the incompetent had undergone surgery at the hospital subsequent to his fall for the removal of excess calcification at the site of the fracture and that as a result thereof he was bedridden until a short time prior to the interview date, and at that time a course of therapy was instituted to enable the incompetent to ambulate. Personal observation of the incompetent by the committee on October 8 revealed, that he *974 was wearing a built-up boot which, according to the treating psychiatrist, was required to compensate for a permanent six-inch shortening of the left lower limlb stated to have been caused by its fracture.
The sole ground on which the Attorney-General opposes the instant motion is that the committee failed to file a notice of intention or claim herein within 90 days from the date of his appointment and that no reasonable excuse for his failure to file within that time has been presented.
Although, no memorandum of law was submitted to support defendant’s position, the court recognizes that the provisions of subdivision 3 of section 10 of the Court of Claims Act apply to a committee with the same force and effect as if he were suing individually and on his own behalf and that the statutory limitations period begins to run with the appointment and qualification of the committee. (Wittkugel v. State of New York, 5 Misc 2d 886, 890, affd. 5 A D 2d 958; Curtis v. State of New York, 201 Misc. 342.)
The instant record compels the conclusion that the legal duty imposed on the committee to comply with subdivision 3 of section 10 of the act which by its terms requires the filing of a notice of intention or claim within 90 days of the accrual of the claim, in this case the date of the accident, conceded to be June 27, 1963, may not be interposed to defeat the instant motion. There is no dispute that the incompetent was under a legal disability and thus precluded from prosecuting his claim in his own behalf and no committee had yet been appointed who would have legal capacity to sue in his place and stead within the prescribed limitations period. The defendant, and its appropriate department, had, prior to the expiration of 90 days from the date of the accident, actual knowledge of the essential facts constituting the claim. The instant motion was made returnable within two years of the date of the appointment and qualification of the committee and is thus timely. Under these circumstances, the court holds that the lack of legal capacity in any proper party to file a notice of intention within 90 days of the accrual of the claim as required by statute constitutes a sufficient excuse to justify the exercise of its discretionary authority to grant the instant motion. The court acknowledges the existence of authority which would compel a contrary result had the committee been appointed during the pendency of the 90-day accrual period, but such is not the case here. (Cf. Liftchild v. State of New York, 180 Misc. 292.) It would be unconscionable to penalize a committee for failing to comply with a statutory *975 requirement where he lacked legal capacity to act until after the statutory period for compliance had elapsed.
Significantly the Attorney-General does not suggest that substantial prejudice to the defendant will result by reason of the failure of the committee to file a notice of intention within the time limited therefor, and the court finds that no element of substantial prejudice in fact exists to warrant the denial of the within motion.