OPINION OF THE COURT
Gerard M. Weisberg, J.
The State of New York (hereinafter referred to as the "State”), has moved to dismiss this claim for lack of jurisdiction, under CPLR 3211 (subd [a], par 2). Specifically, the State contends that the claim was not filed in accordance with subdivision 3 of section 10 of the Court of Claims Act which provides in substance that a tort claim against the State for personal injuries or property damage, shall be filed within 90 *251 days after the accrual of the claim. The claimant opposes the motion contending that the claim was timely filed, and in the alternative cross-moves for permission to file a late claim under subdivision 6 of section 10 of the Court of Claims Act.
The claim is for damage to an automobile allegedly caused by the negligence of the State in failing to properly maintain one of its highways. The claimant is Aetna Casualty & Surety Co., as subrogee of Debra Opalecky, the latter being the owner of the automobile.
The accident which gives rise to this claim occurred on May 22, 1977. On August 18, 1977, 88 days later, claimant’s attorney sent the original and 12 copies of the claim by registered mail to the Court of Claims in Albany. The claim was received by the clerk of the court and filed on August 23, 1977, 93 days after the accident.
In computing the 90-day filing period provided for in subdivision 3 of section 10 of the Court of Claims Act, the court has used an accrual date of May 22, 1977 which is the date of the damage-causing accident. That is the date used by both parties in their computations. However, claimant’s status as a subrogee indicates that a later accrual date may be warranted. A cause of action derived from the right of subrogation does not arise until payment in full is made by the potential subrogee. (Ross v Pawtucket Mut Ins. Co., 13 NY2d 233; Krause v American Guar. & Liab. Ins. Co., 22 NY2d 147; Consolidated Edison Co. of N. Y. v Royal Ind. Co., 41 AD2d 37; Berlin & Jones v State of New York, 85 Misc 2d 970.) Claimant does not allege when it made payment to its purported subrogor, if ever, and it may be that the claim is entirely premature. (Bay Ridge Air Rights v State of New York, 57 AD2d 237, mot to dsmd app den 42 NY2d 1010; Knight v State of New York, Court of Claims, June 30, 1977, Blinder, J.) However, in light of claimant’s position on this motion, that the claim arose on May 22, 1977, and its acquiescence in the State’s computation of the 90-day period, the court determines, for the purpose of this motion, that the cause of action accrued on May 22, 1977 and that the claim was filed on the 93rd day thereafter.
On these facts, the primary issue raised by this motion is whether claimant’s mailing of the claim by registered mail on the 88th day was a timely filing, even though the claim was not received and filed by the clerk in Albany until the 93rd day. The governing provision of law is 22 NYCRR 1200.12 *252 (rule 11 of the Court of Claims) which states: "A claim or notice of intention to file claim shall be filed by delivering it at the clerk’s office in Albany to the clerk or in his absence to some person in charge of the office, or upon the receipt thereof at the clerk’s office in Albany by mail or by express.” This rule makes it clear that it is the receipt of the claim by the clerk in Albany which determines whether or not the claim is timely filed. To the same effect are Green v State of New York (28 AD2d 747), Hard v State of New York (30 AD2d 631), and Dependable Trucking Co. v New York State Thruway Auth. (41 AD2d 985), which hold that where the claim is mailed on the 90th day and received by the clerk on the 91st day, the claim is not timely. The circumstance that in the present case, the claim was mailed on the 88th day and not the 90th, is not sufficient to distinguish it from the cases cited, since the thrust of those cases and of rule 11 is that regardless of when the claim was mailed, it is untimely if it is received and filed after the 90th day.
By contrast the court notes that section 50-e (subd 3, par [b]) of the General Municipal Law provides that a claim against a municipality, as distinguished from the State of New York, is deemed filed when properly mailed, thus following the approach of the Civil Practice Law and Rules for service of papers generally. (CPLR 2103.) However, as stated by Judge Blinder in Leibowitz v State of New York (82 Misc 2d 424, 428): "It is the Court of Claims Act, which specifically regulates the institution of claims against the State, not the CPLR. (See CPLR 101; Terry Contr. v State of New York, 27 AD2d 499.)”
Since the requirements of section 10 of the Court of Claims Act concerning the timeliness of filing are jurisdictional (Bommarito v State of New York, 35 AD2d 458; Crane v State of New York, 29 AD2d 1001), the State’s motion to dismiss the claim under CPLR 3211 (subd [a], par 2) must be granted.
Turning now to claimant’s cross motion to file a late claim, subdivision 6 of section 10 of the Court of Claims Act provides, in relevant part, as follows: "The claim proposed to be filed, containing all of the information set forth in section eleven of this act, shall accompany such application. In determining whether to permit the filing of a claim pursuant to this subdivision, the court shall consider, among other factors, whether the delay in filing the claim was excusable; whether *253 the state had notice of the essential facts constituting the claim; whether the state had an opportunity to investigate the circumstances underlying the claim; whether the claim appears to be meritorious; whether the failure to file a timely claim or notice of intention resulted in substantial prejudice to the state; and whether the claimant has any other available remedy.”
This application to permit a late filing is deficient in several respects. Claimant has not attached a copy of its proposed claim to the moving papers. Moreover, the application, while denominated a cross motion, is actually in the nature of a reply affidavit which deals entirely with disputing the State’s motion to dismiss, except for its request for relief. Claimant’s moving papers do not address themselves to any of the factors which the court must consider upon an application to permit a late filing.
Upon the present record, the court has absolutely no basis for exercising its discretion in favor of claimant and is, therefore, constrained to deny the application at this time. However, because the court believes that a full presentation of the facts might furnish good cause for granting claimant’s application in the future, the court’s denial is without prejudice to a further application to permit a late filing, upon proper papers, addressing the various factors enumerated in subdivision 6 of section 10 of the Court of Claims Act.