OPINION OF THE COURT
Gerard M. Weisberg, J.
The claimant has moved to strike various affirmative defenses in the defendant’s answer, pursuant to CPLR 3211 (subd [b]). The motion raises several important issues regarding the rights of incompetents.
The claimant, Francis J. Young, is the committee of Anna Brown, a judicially declared incompetent. The claim is for personal injuries to the incompetent sustained while she was a patient at Hudson River State Hospital, Poughkeepsie, New York. The theory of the case is that the State of New York (State) was negligent in allowing Anna Brown to slip and fall, thereby sustaining a fractured hip and other injuries.
The State’s answer consists of a general denial and four affirmative defenses which are as follows: (1) that the incompetent, Anna Brown, was guilty of contributory negligence, (2) that the court lacks subject matter jurisdiction, (3) that the court lacks in personam jurisdiction, and (4) that the claim fails to state a cause of action. The claimant has moved to dismiss each of these defenses as insufficient in law.
The first issue raised by the motion is whether a judicially declared incompetent may be held responsible for contributory negligence. Claimant’s position is that the incompetent is non sui juris.
As a matter of law, insanity has never been a defense to civil liability in tort. Where the incompetent is the plaintiff, however, numerous trial court decisions have refused to find contributory negligence where plaintiff was suffering either from severe mental retardation (Surprenant v State of New York, 46 Misc 2d 190; Doty v State of New York, 33 Misc 2d 330; Zajaczkowski v State of New York, 189 Misc 299), or from psychosis (Callahan v State of New York, 179 Misc 781, affd 266 App Div 1054; Oliver v State of New York, 17 Misc 2d 1018; Dowly v State of New York, 190 Misc 16). Even some lesser degree of mental impairment than retardation or psychosis may preclude a finding of contributory negligence, if the plaintiff’s faculties are not sufficient to perceive and avoid a particular risk of harm. As Justice Simons stated in Mochen *797 v State of New York, 43 AD2d 484, 487: "Considering the present state of medical knowledge, it is possible and practical to evaluate the degrees of mental acuity and correlate them with legal responsibility * * * a plaintiff should not be held to any greater degree of care for his own safety than that which he is capable of exercising (see DeMartini v. Alexander Sanitarium, Inc., 192 Cal. App. 2d 442 [other authorities omitted]).”
The court in Mochen indicates clearly that the extent to which a particular mental illness impairs perception and judgment is a question of fact. There was, however, in that case, no judicial declaration of incompetency, and this court must decide what effect, if any, such a declaration has on the question of contributory negligence. As a general rule, a judicial declaration of incompetence is conclusive proof of incompetence with regard to contracts and gifts only, and is not conclusive as to the capacity to execute a will, or on the trial of collateral issues between strangers. (Martello v Cagliostro, 122 Misc 306; 27 NY Jur, Incompetent Persons, § 11, pp 480-481.) The law has always drawn distinctions between the types and degrees of mental incapacity, depending upon the particular issue involved. As stated by Pope, Law of Lunacy (p 428): "It need only be remembered that the criterion of lunacy varies for different purposes, to show that the establishment of lunacy in one case, and for one purpose, need not necessarily conclude the fact in other cases, and for other purposes.”
A proceeding to appoint a committee is motivated primarily by the desire to safeguard the property of a person who has lost the ability to manage it himself. However, it is quite conceivable that a person may be incapable of managing his business affairs, and yet still retain that degree of awareness and control of his conduct to justify imposing responsibility for contributory negligence. As a practical matter, the judicial declaration does not indicate any greater or lesser degree of incompetency than the fact of commitment to a State mental institution pursuant to a proceeding under the Mental Hygiene Law. Such a commitment does not preclude contributory negligence as a matter of law, as indicated by Mochen (supra).
The court therefore concludes that notwithstanding a previous judicial declaration of incompetency, and the appointment of a committee, the task of assessing the incompetent’s conduct with respect to her ability to perceive and avoid a particular risk of harm, is for the trier of the facts. Accord *798 ingly, claimant’s motion to dismiss the first affirmative defense is denied.
The second affirmative defense pleads lack of subject matter jurisdiction. The State’s contention is that the claim was not timely filed, which if true would deprive this court of jurisdiction. (Bommarito v State of New York, 35 AD2d 458; Crane v State of New York, 29 AD2d 1001.)
This claim arose on June 14, 1976, and was filed 91 days later, on September 13, 1976. A claim or notice of intention to file a claim, founded upon personal injury caused by the tort of an officer or employee of the State, must be filed within 90 days after the cause of action accrues. (Court of Claims Act, § 10, subd 3.) A claim filed on the 91st day is untimely, even if the claim was mailed within the 90-day period. (Green v State of New York, 28 AD2d 747; Hard v State of New York, 30 AD2d 631; Matter of Aetna Cas. & Sur. Co. v State of New York, 92 Misc 2d 249.)
The issue raised by this branch of claimant’s motion is to what extent, if any, a judicially declared incompetent, for whom a committee has been appointed, is subject to the same 90-day notice of claim requirement.
Section 19 of article III of the State Constitution provides: "No claim against the state shall be audited, allowed or paid which, as between citizens of the state, would be barred by lapse of time. But if the claimant shall be under legal disability, the claim may be presented within two years after such disability is removed.”
A person suffering from a mental impairment, who has been committed to a State mental institution, is unquestionably under a "disability” within the meaning of the State Constitution. (Boland v State of New York, 30 NY2d 337.) In the Boland case, the claimant sued for wrongful commitment and negligent medical treatment received in a State mental institution. The State pleaded lack of subject matter jurisdiction on the theory that claimant’s cause of action for wrongful commitment arose on the date of discharge, at which time her mental disability also ceased to exist. The State contended that she should, therefore, have filed her claim within 90 days after her commitment ended. The Court of Appeals, however, rejected this contention, stating that a former incompetent may file a claim as of right within two years of regaining sanity, and is not subject to the 90-day notice of claim requirement applicable to other citizens. The identical rule is applied
*799 to infant claimants as well. (Weber v State of New York, 267 App Div 325.) Clearly then, since the incompetent herein is presently confined to a State institution, and is subject to a judicial declaration of incompetency, the Statute of Limitations on her claim has not yet begun to run. (Court of Claims Act, § 10, subd 5.)
There is, however, some authority for the proposition that a committee, once appointed, must file a claim within 90 days of the appointment or the accrual of the cause of action, whichever is later. (Liftchild v State of New York, 180 Misc 292; Shannon v State of New York, 44 Misc 2d 972.) In those cases, a distinction is drawn between the incompetent and his committee, such that if the committee fails to file within the 90-day period, the claim is barred unless and until the incompetent himself files a claim within two years after regaining sanity. The operation of this rule might foreclose the instant claim, though the "claimant’s failure to disclose the date of his appointment renders this result uncertain. However, because the court regards the operation of such a rule as irreconcilable, both with the Court of Appeals decision in Boland (supra), and with section 19 of article III of the State Constitution, the court must reject the State’s contention as to this claim’s alleged untimeliness.
The thrust of Boland (supra) is clearly that the incompetent himself need not file within 90 days after his disability is actually removed. It would therefore be inconsistent to hold that the merely artificial removal of the incompetent’s ability to sue by the appointment of a committee sets the 90 days running again. Neither the Court of Claims Act nor the State Constitution prescribes such a disparity of treatment between the committee and his incompetent.
A similar view was taken in Wolf v United States (10 F Supp 899), in which it was held that the appointment in 1922 of a committee for a war veteran did not constitute removal of a disability under the World War Veterans Act of 1924, so as to bar the committee’s action in 1933 on a war risk policy. The court stated that the appointment of a guardian or committee does not start the running of a Statute of Limitations which is tolled because of the disability. (See, also, Shambegian v United States, 14 F Supp 93.)
By analogy, neither the failure of an infant’s natural guardian to file a notice of claim, nor the appointment of a guardian ad litem for an infant, has the effect of removing the infant’s
*800 disability. In Murphy v Village of Fort Edward (213 NY 397), the Court of Appeals held that where the natural guardian and guardian ad litem of an infant failed to file a notice of claim against a municipality, this did not constitute a bar to the action. The court stated (p 401): "[t]he guardian ad litem manages the suit for the infant and protects his interests, but is not, and the infant is, the real party to the action.” Similarly, in Geibel v Elwell (91 Hun 550), it was held that where a guardian ad litem had commenced suit on behalf of an infant and then discontinued the suit, a later guardian ad litem was not barred from suing on the same cause of action since the Statute of Limitations had not begun to run when the original guardian ad litem had been appointed. (See, also, Russo v City of New York, 258 NY 344; Frehe v Schildwachter, 289 NY 250.)
This court sees no justification for applying a different rule to incompetents than that pertaining to infants. The State Constitution applies equally to both, and purports to protect the rights of both. The real party in interest in this case is the incompetent, not his committee. (Murphy v Village of Fort Edward, supra.) If a valid claim is required to lay dormant, perhaps forever, because the committee has been barred from pursuing it, it is the incompetent alone who suffers. Such a result would be contrary to section 19 of article III of the State Constitution, the purpose of which is to protect and preserve the rights of incompetents. The court may not draw artificial distinctions which would tend to limit or defeat those rights.
As a practical matter, there is no justification for postponing the resolution of a claim for an indefinite period of time, when it may no longer be prosecutable or defendable. The court fails to see in what way the purpose of the short notice of claim provisions of section 10 of the Court of Claims Act would be served by such a procedure. On the contrary, such a delay would prejudice the State as much as the claimant.
The court holds, therefore, that the committee of an incompetent cannot be barred from asserting any cause of action which the incompetent himself could assert, were he not incapacitated. This necessitates the conclusion that the instant claim was timely filed. Accordingly, the defendant’s second affirmative defense, insofar as it is predicated on the untimeliness of the claim, is dismissed.
The State’s third affirmative defense is that the court lacks *801 in personam jurisdiction over the defendants. The State’s affidavit does not disclose the substance of this defense. However, the court now moves sua sponte to strike from the caption herein each of the defendants except the State of New York, the latter being the only proper defendant before this court. (Court of Claims Act, §§ 8, 9; Smith-Cairns Motor Sales Co. v State of New York, 45 Misc 2d 770; Town of Cortlandt v State of New York, 51 NYS2d 802.) Accordingly, claimant’s motion as to the third affirmative defense is denied, and the causes of action against all defendants except the State are dismissed.
The fourth affirmative defense is that claimant fails to state a cause of action. As with the third defense, the particulars thereof are not set forth in the State’s affidavit, nor are any authorities cited in support thereof. The claim most assuredly sets forth a cause of action in negligence alleging as it does with sufficient particularity, that the incompetent suffered a fractured hip and other injuries as a result of a fall occasioned by the State’s negligence. (CPLR 3013; Burgundy Basin Inn v Watkins Glen Grand Prix Corp., 51 AD2d 140.) The claim sufficiently alleges a duty owed to the incompetent, and a breach thereof, proximately causing the injury. (Jezerski v White, 29 Misc 2d 342.) Accordingly, the fourth affirmative defense is dismissed.