OPINION OF THE COURT
Ira B. Harkavy, J.
May an insured who alleges receipt of inadequate compensation from its insurer accept payment from the insurer and simultaneously pursue the tort-feasor for the claimed balance? In a recent decision, in this court, it was held that an implied covenant of good faith supersedes the contractual rights of exclusive subrogation (Faraino v Centennial Ins. Co., 117 Misc 2d 297). In this case, we must decide the recourses available to an insured who alleges lack of good faith on the part of its insurer in the settlement of the claim.
Royal Globe Insurance Company (hereinafter referred to as plaintiff) brings this action to recover moneys paid by it to its insured, Swetlana Rzhevsky (hereinafter referred to as defendant), after defendant independently pursued a settlement with the tort-feasor in violation of the terms of her casualty policy with plaintiff. Plaintiff asserts that such independent action was in contravention of the terms of the policy, constitutes an unjust enrichment to the *39 defendant, as defendant was in effect paid twice for the same claim, and prevents plaintiff from recouping its payment from the tort-feasor.
The facts are as follows: defendant owned premises located at 506 Van Duzen Street, Staten Island, New York. On or about June 21, 1980 a motor vehicle owned and operated by tort-feasor Bill Mooney jumped the curb and collided with the side of defendant’s premises causing damage to the exterior wall of the premises. Pursuant to the terms of a casualty policy with plaintiff, defendant made claim for her loss in the sum of $12,000. Based upon its adjustor’s assessment of the damages, plaintiff offered defendant, and defendant accepted, the sum of $2,748.20 in full settlement of the claim. After defendant executed a proof of loss in said sum, plaintiff paid defendant the sum of $2,748.20 by check dated August 20, 1980 which was accepted and deposited by defendant. Independently and without the knowledge ór permission of plaintiff, defendant sought to recover from Mr. Mooney by bringing a lawsuit against Mr. Mooney. Defendant testified that she was not certain whether she commenced her lawsuit against Mr. Mooney prior to or after her acceptance of plaintiff’s check. Defendant’s claim against Mooney was ultimately settled for $5,000 paid by check dated October 21, 1980, which check was accepted and deposited by defendant. Plaintiff asserts that such conduct on the part of defendant violates the terms of the casualty policy which gave plaintiff the right to proceed as its insured’s exclusive subrogee against the tort-feasor. Plaintiff claims that the settlement by defendant with the tort-feasor precluded plaintiff from recouping its payment from the tort-feasor, a right it had under the insurance policy.
As part of her case, defendant produced an independent home improvement contractor who testified that the damage was in excess of $12,000. Plaintiff further testified that she had sent the $12,000 estimate to plaintiff which offered her only $2,748.20. Defendant contends that plaintiff’s payment of the claim in the sum of $2,748.20 was wholly inadequate to compensate her for her loss. Defendant argues that since plaintiff did not act in good faith in that it failed to fully compensate her for her loss, plaintiff has *40 forfeited its exclusive rights, and she had the right to collect from her insurance company and also collect from the tort-feasor.
Defendant cites cases holding that a subrogation action does not arise until payment in full is made by the subrogee. (Matter of Aetna Cas. & Sur. Co. v State of New York, 92 Misc 2d 249; Krause v American Guar. & Liab. Ins. Co., 22 NY2d 147.) The court is in complete agreement with this well-settled principle, but fails to see what relevance it has to the instant action. Defendant’s testimony and memorandum of law both cloud the issue and totally sidestep what the court perceives to be the pivotal question — why defendant chose to sign the proof of claim for the amount received and accept plaintiff’s check?
In the instant case the right of subrogation arises out of an agreement and “the rights of the parties are controlled by the contract” (16 Couch on Insurance [2d ed], § 61:3; Faraino v Centennial Ins. Co., 117 Misc 2d 297, supra). The subject contract gave the insurer the sole and exclusive right of subrogation and expressly forbade independent legal action on the part of the insured. One cannot circumvent the terms of a casualty policy by independent pursual of a tort-feasor. “Subrogation” is the principle which exists to prevent double recovery by the insured and to force the wrongdoer to bear the ultimate cost. (Scinta v Kazmierczak, 59 AD2d 313.)
Defendant produced testimony that the damage exceeded $12,000 although the witness provided no breakdown as to this figure. However, it is irrelevant and immaterial as to which appraisal of the damages was more nearly accurate or whether the amount paid by plaintiff adequately compensated defendant for her loss. If defendant believed that the amount offered by plaintiff was inadequate, the proper course of action was for her to refuse the payment and commence legal proceeding against her carrier or the tort-feasor. The proximity between the dates of plaintiff’s payment of the claim and the settlement with the tort-feasor strongly suggests that defendant acted purely out of expeditious motives. For the court to sanction this course of conduct would encourage all subrogors to independently pursue claims whenever they *41 are dissatisfied with the payments from their own carriers or when they wanted to make a profit from the incident. Further, permitting such independent action would render the contract clause pertaining to the carrier’s exclusive right of subrogation a nullity and would permit double recovery on the part of the insureds — the very situation the principle of subrogation exists to prevent.
Defendant alludes to a duty of good faith on the part of a carrier. In the recent decision of Faraino v Centennial Ins. Co. (supra), Judge Herbert Kramer affirmed that an implied covenant of good faith is contained in every insurance contract. Faraino holds that if lack of good faith can be shown, an insured may have waived its contractual as well as equitable right of subrogation. Faraino is distinguished from the instant action in that in Faraino the insured brought suit to compel his own carrier to litigate the matter with tort-feasor’s carrier. In the instant action, the insured prevented his insurance company from litigating by settling with the tort-feasor before the insured could bring its action. It is axiomatic that you cannot sue twice for the same claim.
The burden of demonstrating lack of good faith remains with the defendant. The court is of the opinion that in the instant action this burden has not been met. In any event, this is not the forum for a determination of good faith on the part of plaintiff. The fact remains that defendant’s independent settlement with the tort-feasor completely prejudiced plaintiff’s subrogation rights and was an express violation of the terms of the casualty policy.
Accordingly, judgment for plaintiff in the sum of $2,748.20 with interest from October 21, 1980.