Charles T. Major, J.
This is a motion made by claimant for permission to file an amended notice of intention to file a claim against the State, or, in the alternative for permission to file a late claim, pursuant to subdivision 5 of section 10 of the Court of Claims Act, and for such other relief as to the court may seem just and proper.
The statements contained in the affidavits on this motion, notice of intention to file claim and proposed claim must be regarded as true. The notice of intention and proposed claim spell out a cause of action.
*691 An unverified notice of intention to file a claim (see Court of Claims Act, § 11) was filed with the clerk of the court and the Attorney-General on April 6, 1955, the last day of the 90-day statutory period. This notice was not returned or question raised in reference thereto until this motion came on for argument.
Section 253 of the Civil Practice Act provides: “ Where the copy of a pleading is served without a copy of a sufficient verification, in a case where the adverse party is entitled to a verified pleading, he may treat it as a nullity, provided he gives notice, with due diligence, to the attorney of the adverse party, that he elects so to do.”
No notice was given or served upon the claimant or her attorney that the Attorney-General elected to treat the notice of intention to file as a nullity. By letter dated April 6, 1955 an assistant attorney-general acknowledged receipt of the unverified notice of intention to file the claim, and advised claimant’s attorney that said notice had been filed in his office on April 6, 1955 “ subject to whatever legal objections may apply thereto ”. This letter is not a sufficient compliance with section 253 of the Civil Practice Act, because it failed to state that the Attorney-General elected to treat the notice as a nullity. Failure to act promptly is a waiver of the defect. (Grant v. State of New York, 192 Misc. 45.)
Consequently, the notice of intention filed must be deemed timely and properly filed, and the claimant may file her claim at any time within the two-year period after the accrual thereof. (Court of Claims Act, § 10, subd. 3.)
The claimant’s motion for permission to file an amended notice of intention to file a claim against the State is denied for the reason that there is no provision in the Court of Claims Act for this relief after the expiration of the 90-day period. The notice filed herein was adequate for the purposes intended.
The motion made in the alternative for permission to file a late claim is likewise denied, claimant having until January 6, 1957 to file her claim.
Submit order accordingly.