Bernard Ryan, P. J.
On December 27, 1953 Gisela Wittkugel was a passenger in an automobile driven by her husband, Dr. Peter Wittkugel, which he was driving on Beaver Island Parkway, a public highway on Grand Island maintained by the State of New York through the agency of the Niagara Frontier State Park Commission. The automobile left the highway, at a point where it was covered with a sheet of ice, and crashed against a tree. Dr. Wittkugel was killed and his wife sustained serious personal injuries but survived. In another claim we are making findings that the highway was negligently maintained, that such negligence was the cause of the accident, that the defense has not met its burden of establishing that the driver of the automobile was contributorily negligent and we are making an award to the administratrix of Dr. Wittkugel’s estate. That claim No. 33525 and this claim No. 33526 were tried together. There is no suggestion in the record of the trial that the passenger, Gisela Wittkugel, was in any measure guilty of contributory negligence. Hence, upon our findings of liability against the State of New York she, too, should be entitled to recover damages for the personal injuries which she sustained. There are, however, some technical difficulties in the way. These concern our jurisdiction.
*888 In the first place, the medical testimony is that this claimant sustained severe injury to her brain and that she remained deeply comatose for approximately three to four weeks; that by February 12 she seemed to understand a few words, by the 28th she had begun to talk but at times would become more disoriented and hallucinated; that there seemed to be, as she improved from the structural or organic point of view, more apparent psychiatric difficulties; that the psychiatric problem eventually became the most serious and, upon the recommendation of consultants in psychiatry she was transferred to Buffalo State Hospital on April 6, 1954. There is further medical testimony from the neurological surgeon of an aphasia or an anomia aphasia, in other words difficulty of expressing herself or of naming objects, and of an amnesia or inability to recall events and that such condition continued to the date in April, above mentioned, when she left that surgeon’s care. He expressed an opinion to the effect that it is impossible to tell how many brain cells or neurons were permanently damaged but from her behavior and neurological findings there would be considerable permanent deficit.
In the light of the testimony above summarized, we now review the chronology of events which transpired and led up to the trial of this claim. On March 24, 1954 there was filed with the Clerk of the Court of Claims and served upon the Attorney-General a notice of intention to file a claim which was entitled “ Gisela Wittkugel against the State of New York ”, and was signed “ Gisela Wittkugel by Edith Wittkugel ” and which bore an affidavit of verification which recited ‘ ‘ Edith Wittkugel being duly sworn, deposes and says: I am the claimant above named; ” and then continued in the usual form of such an affidavit. The signature to this affidavit however was as follows: “ Gisela Wittkugel by Edith Wittkugel”. To this notice of intention was appended a copy of a power of attorney purported to have been signed and acknowledged by Gisela Wittkugel on March 2, 1954. A photostatic copy of the original document showing it to have been filed in the Erie County Clerk’s office March 23, 1954 has been presented to the court. However, in our opinion, this document, appended to the notice of intention, does not help matters when consideration is given to the dates of its purported execution in the background of the medical testimony hereinabove reviewed.
The next step was the filing with the Clerk of the Court of Claims and the serving on the Attorney-General of the claim which is No. 33526. This was accomplished on November 28, 1955. This pleading purports to be verified on June 26, *889 1955 by Gisela Wittkugel, the affidavit of verification being signed with her name. Now, in the course of the trial, it developed that upon the petition of the medical director of the Buffalo State Hospital, verified June 16,1954 an order was made and entered in the Supreme Court, Brie County, July 1, 1954 appointing Edith Wittkugel, committee of the person and estate of Gisela Wittkugel. An affidavit presented upon motion M-4106 recites that the filing of the bond pursuant to said order of appointment was completed on July 30, 1953. This seems an obvious clerical error and we assume the committee qualified on July 30,1954.
The question of whether or not this court has jurisdiction of claim No. 33526 was first raised by the court itself. If the only technicality presented here was that the verification of the notice of intention is defective that point may be regarded as having been waived by the defense. The remedy for a defective verification is to treat the pleading as a nullity, giving notice with due diligence to the attorney of the adverse party. (Civ. Prac. Act, § 253; Matter of Smith v. Board of Stds. & Appeals, 2 A D 2d 67; Court of Claims Act, § 9, subd. 9; Grant v. State of New York, 192 Misc. 45; Melesky v. State of New York, 2 Misc 2d 690.) .This procedure was not followed by the Attorney-General. Instead he accepted the notice of intention and, in due course, proceeded to the trial of the claim without raising any objection. However, it is patent that this court has no jurisdiction of claim No. 33526. Gisela Wittkugel, being under legal disability, could have awaited the expiration of two years after her disability is removed before filing a claim. But a committee of her person and property having been appointed, and it appearing that the commission is extant and unrevoked, she is precluded from prosecuting her claim in her own name and can proceed through her committee only. (Liftchild v. State of New York, 180 Misc. 292.)
How to cure these defects in jurisdiction, caused apparently by not too careful reading of the statutes and the decisions? We believe that counsel for the claimant committee has found the remedy. He has proceeded by order to show cause in which he seeks the following relief:
(a) Permitting the above-named claimant to file the annexed proposed claim in accordance with subdivision 5 of section 10 of the Court of Claims Act.
(b) Amending nunc pro tunc the original notice of intention to file claim to indicate the capacity of Edith Wittkugel, as committee of Gisela Wittkugel, an incompetent, and amending verification thereof accordingly, including in said verification, *890 that her knowledge with respect to filing of past notice of intention was gained in her capacity as administratrix of the estate of Peter A. Wittkugel in claim No. 33525.
(c) Adjudicating that the incompetency of said Gisela Wittkugel commenced on the date of injury and that the appointment of her committee be deemed retroactive to the date of filing of notice of intention.
(d) For such other and further relief as to this court may seem just and proper.
We believe that permission, granted pursuant to subdivision 5 of section 10 of the Court of Claims Act, for Edith Wittkugel, as committee of Gisela Wittkugel, to file a claim is all that is needed to remedy the situation. The order to show cause, by which application for such permission was made, was returnable on June 28, 1956, which was within two years of the date of the order appointing the committee. Decision on this motion has been reserved awaiting the briefing and complete submission of the claims herein. Until the order appointing the committee was made and entered, or more likely, until July 30, 1954 when the committee qualified, there was no one with legal capacity to sue. It is true that with the appointment and qualification of the committee the Statute of Limitations began to run. It is also true that no notice of intention formally prepared in the name of, and verified by the committee, has ever been filed, in compliance with subdivision 3 of section 10 of the Court of Claims Act. Nevertheless, it must be admitted that the State of New York and its appropriate department had, prior to the expiration of 90 days from the date of the accident which occurred on December 27, 1953, actual knowledge of the essential facts constituting the claim. Inasmuch as the State of New York retained that notice of intention, however defective that document may have been, this court cannot say that the State has been substantially prejudiced by failure of the claimant committee to file a proper one. For these reasons we believe that the application of Edith Wittkugel, as committee for Gisela Wittkugel, an incompetent person, to file a claim should be granted and that an order to that effect should be entered.
Further relief should be granted and the order to be entered should make provision for it. The issues of fact herein have been fully presented in the record which has already been made. The court has reached a decision thereon in claim No. 33525. Claim No. 33526 must be dismissed for lack of jurisdiction but this must be without prejudice to the ultimate decision herein. To expedite a final determination and in the interests of justice *891 the order should provide that the claim to be filed by the committee shall be submitted to the court for determination upon the testimony, the exhibits and the record heretofore made in claims Nos. 33525 and 33526 and that the court may proceed to adjudicate the issues upon that record. Settle order accordingly.