[Civ. No. 10042.   Third Dist.   Oct. 6, 1960.]

KAISER FOUNDATION HOSPITALS (a Corporation) et al., Petitioners, v. SUPERIOR COURT OF SOLANO COUNTY, Respondent; KENNETH F. HENLEY, Real Party in Interest.

Ricksen, Hogan & Vendt and Richard G. Logan for Petitioners.

No appearance for Respondent.

John J. Bradley and Stewart D. Millon for Real Party in Interest.

VAN DYKE, P. J.—This is a proceeding in mandate to compel the respondent court to dismiss an action brought against petitioners by Kenneth F. Henley, hereinafter called real party. The action was brought by real party to recover damages for the wrongful death of his wife as a result of allegedly negligent diagnosis and treatment by petitioners. The complaint was filed on May 19, 1955. Summons was served and petitioners answered the complaint on June 30, 1955. From that date petitioners have been represented in said action by attorneys of record. On August 9, 1955, the depositions of real party and of Dr. Geise were taken. Thereafter, and for a period approximating one year, Dr. Geise was absent from the State of California while on military duty with the United States Navy. After his return to California the case was dormant for an undisclosed period, but on April 2, 1959, a memorandum to set was filed by real party. On November 9th following the cause was placed on the setting calendar for January, 1960, and thereafter, on May 5, 1960, the cause was set for trial for July 6th. On May 23d petitioners served and filed a notice of motion to dismiss under the provisions of section 583 of the Code of Civil Procedure, more than five years having elapsed between the commencement of the action and the filing of the notice and the cause not having within that period been brought to trial. The motion was denied and this proceeding in mandate was begun.

The respondent court's order was placed upon the ground that in computing five years from the commencement of the action, the period during which Dr. Geise was absent from the State of California in the military service must be excluded and that when so excluded the five years had not elapsed when the motion was made.

From a memorandum opinion filed by the respondent court it appears that reliance was placed upon *Pacific Greyhound Lines* v. *Superior Court,* 28 Cal.2d 61 [168 P.2d 665]. That was a case similar to this case. There the defendant, a little more than a year after the commencement of the action, enlisted in the armed services and was still in service when the motion to dismiss was made, which was more than five years after the action was begun. The Supreme Court said, at page 65:

". . . The sole question necessary for us to determine is whether petitioners have established that the evidence before the trial court on the motion to dismiss was as a matter of law insufficient to sustain its implied finding that for more than twenty-three days of the calendar five-year period it was 'impossible,' or 'impracticable and futile' either in an objective sense or 'due to excessive and unreasonable difficulty or expense,' to proceed to trial."

The court held that, on the record therein, the issue before the trial court was a question of fact which the trial court had resolved in favor of the plaintiffs in the action and that the record contained substantial support for that determination. ▪ The court applied the rule stated in *Charles L. Donohoe Co.* v. *Superior Court,* 202 Cal. 15, 18 [258 P. 1094], that:

" '. . . It is only where there is an entire absence of any showing constituting good cause presented in the Superior Court upon the hearing of the motion to dismiss that a writ of mandate to compel the dismissal of the action may properly issue.' "

Said the court in the Greyhound case, at page 68:

". . . Here we cannot say, contrary to the trial court, that there was 'an entire absence of any showing constituting good ground.' Particularly is this true in view of the fact that the files, papers, proceedings and records of the trial court, other than the affidavits hereinabove summarized, are not before us."

In the Greyhound case, as in this case, reliance was placed

by the real party upon the Soldiers' and Sailors' Civil Relief Act (50 U.S.C.A. App. § 521) to the effect that:

"At any stage thereof any action or proceeding in any court in which a person in military service is involved, either as plaintiff or defendant, during the period of such service . . . may, in the discretion of the court in which it is pending, on its own motion, and shall, on application to it by such person or some person on his behalf, be stayed as provided in this Act, unless, *in the opinion of the court,* the ability of plaintiff to prosecute the action . . . is *not materially affected* by reason of his military service."

In construing this section the Supreme Court said, at page 67:

"The Soldiers' and Sailors' Civil Relief Act, *supra,* leaves discretion in the trial court in resolving the issue as to whether 'the ability of plaintiff to prosecute the action . . . is . . . materially affected by reason of his [defendant's] military service' but it, in effect, places the burden of proof upon the party resisting a postponement and *'unless* in the opinion of the court, the ability of . . . [the party to prosecute or defend] is not materially affected' a postponement of the trial by the court is mandatory 'on application to it by such person or some person on his behalf.' (The section provides that on such application, *unless* the court is of the view stated, the action or proceeding *'shall* . . . be stayed as provided in this Act.')"

Neither in the Greyhound case nor in this case was there any application for a stay made to the court, but as the Supreme Court said in the Greyhound case, at page 67:

". . . [T]he failure to apply for a stay did not preclude the court, upon the motion to dismiss, from determining whether, under all the facts and circumstances, a stay would have been mandatory if it had been applied for. The real issue before it was the question as to whether it was 'impractical and futile' to proceed with the case during the military service of the defendant Bagby, Jr. It is a fair inference from all the facts shown that the parties, through their counsel, agreed in recognizing that a stay would be mandatory if the application were made, that the presence of defendant Earl Bagby, Jr., was necessary, and that it 'was impossible, impractical and a futile gesture' to 'continue to prosecute the case during the military absence of said defendant.' The trial court, in denying the motion to dismiss, having before it the affidavits mentioned and the files of the case, including the complaint and the

answers of the defendants, must be presumed *not* to have been of the opinion that the ability of the defendant Earl Bagby, Jr., to conduct his defense was 'not materially affected by reason of his military service' and must further be presumed to have concluded, in accordance with the averments of the affidavits on behalf of plaintiffs, that 'the presence of Earl Bagby, Jr., was necessary' and that it 'was impossible, impractical and a futile gesture' to 'continue to prosecute the case during the military absence of said defendant.' ''

Application of the pronouncements of the Supreme Court in the Greyhound case to the record presented to us in this proceeding leads us to the conclusion that the order of the trial court must be affirmed. As in the Greyhound case we do not have before us the files, papers, proceedings and records of the trial court other than the proceedings on motion to dismiss, that is, the notice of motion, certain affidavits filed in support of and in opposition to the motion, and the order of the trial court denying that motion. Concerning the issues presented by the pleadings we have only a brief statement, uncontradicted, that the action was brought to recover damages for the death of real party's wife as the result of allegedly negligent ''diagnosis and treatment'' by petitioners, together with the uncontradicted assertion in the moving papers that Doctor Geise was an employee of Kaiser Foundation Hospitals, a corporation, and during said diagnosis and treatment was acting within the scope of his duties as such. We think it is a fair assumption that Doctor Geise was so connected with the allegedly negligent diagnosis and treatment of real party's wife as to be responsible for her death, along with his employer, if the diagnosis and treatment were negligent, in fact, and if that negligence proximately caused the woman's death. Notwithstanding his deposition had been taken, it is apparent that the doctor would be a most important witness at the trial. The science of diagnosis and of treatment following diagnosis is so highly developed and so technical that generally, whether there has been negligence in either or both is an issue which can only be decided by the use of expert testimony. Furthermore, the action constituted an attack on Dr. Geise's professional conduct and learning, a factor to be considered, as was noted in *Boone* v. *Lightner,* 319 U.S. 561 [63 S.Ct. 1223, 87 L.Ed. 1587]. We entertain no doubt that for these apparent reasons the trial court could properly hold that had real party, during the absence of Dr. Geise in military service, attempted

to proceed to trial, and had an application been made for a postponement, the court to which it was addressed could properly have been of "the opinion" that the ability of the defendants to conduct their defense would be materially affected by reason of the absence of Dr. Geise in military service, in which case the mandate of the statute would be clear and the court would be obliged to grant a postponement. The affidavit on behalf of plaintiffs herein asserts, as did the affidavit of the plaintiffs in the Greyhound case, that it would, in fact, have been impractical and a futile gesture for real party herein to have attempted to bring the cause on for trial during the absence of Dr. Geise. In view of the overshadowing importance at the trial of the presence of Dr. Geise we must here presume that the trial court in denying the motion to dismiss was *not* of the opinion that the ability of defendants to conduct their defense was "not materially affected by reason of" Dr. Geise's military service, that, in accordance with the averments of the affidavit on behalf of the real party, the presence of Dr. Geise was necessary, and that it was impractical and a futile gesture to continue to prosecute the case during his military absence. On this record we cannot say that there was an entire absence of any showing constituting good ground for the respondent court's order.

Petitioners have referred to many decisions of the appellate courts of this state and we have examined them all. But we find nothing therein that conflicts with the Greyhound case and we think that case compels the conclusion which we have reached.

The alternative writ heretofore issued is discharged. The peremptory writ is denied.

Peek, J., and Schottky, J., concurred.

Petitioners' application for a hearing by the Supreme Court was denied November 30, 1960. Schauer, J., was of the opinion that the application should be granted.