[Civ. No. 24981.   First Dist., Div. Four.   Jan. 20, 1969.]

MAXINE HILL, Plaintiff and Appellant, v. CITY AND COUNTY OF SAN FRANCISCO, Defendant and Respondent.

Dalton, Bautista & Bautista, A. Marquez Bautista and Philip T. Kilduff for Plaintiff and Appellant.

Thomas M. O'Connor, City Attorney, and Raymond J. Reynolds, Deputy City Attorney, for Defendant and Respondent.

CHRISTIAN, J.—Plaintiff appeals from a summary judgment of dismissal in an action for personal injuries sustained in a collision with a city bus on February 5, 1959. Appellant was a minor at the time of the accident; she attained majority on December 19, 1964. She filed a claim with the city and county on April 2, 1959, and on February 4, 1960, after the claim had been deemed denied by operation of law, she brought an action in the superior court. That action was not brought to trial within five years; on February 11, 1965, after plaintiff had reached majority and at a time when the complaint was subject to mandatory dismissal under Code of Civil Procedure section 583, appellant dismissed the first complaint "without prejudice." Thereafter, on March 4, 1965 appellant commenced the present action by filing a new complaint alleging the same cause of action as had been set forth in the first.

Respondent city and county originally advanced, as one of the grounds for a summary judgment, the contention that the short statute of limitations established by the California Tort Claims Act (Gov. Code, §§ 945.4 and 945.6) by implication

repealed the provision of Code of Civil Procedure section 352 tolling the statute of limitations during a plaintiff's minority and that the action was therefore barred by appellant's failure to bring suit within six months following rejection of her claim. Respondent has properly withdrawn this contention in view of the recent contrary holding of the Supreme Court in *Williams* v. *Los Angeles Metropolitan Transit Authority* (1968) 68 Cal.2d 599 [68 Cal.Rptr. 297, 440 P.2d 497].

Another contention remains: that a voluntary dismissal of the first complaint, after plaintiff had reached the age of majority and while the complaint was subject to dismissal under Code of Civil Procedure section 583, amounted to a dismissal with prejudice even though it was denominated a dismissal without prejudice. This contention cannot be sustained. Code of Civil Procedure section 583 is not a general statute of limitations and does not provide that a dismissal entered under its terms is a bar to any other remedy which may be available for enforcement of the cause of action upon which the original complaint was based; it is rather designed to enable the court on its own motion, or at the instance of a party, to clear from its docket pending actions which have not been brought to trial within the time which the statute has defined as the outer limit of reasonable delay. In the usual case a dismissal under Code of Civil Procedure section 583 will be conclusive as to the reciprocal rights and liabilities of the parties; that is because the statute of limitations applicable to the underlying *cause* of action will meanwhile have run. But in the present case, under the holding in *Williams* v. *Los Angeles Metropolitan Transit Authority, supra,* plaintiff's cause of action would not have been barred until one year had elapsed after she reached the age of majority. (Code Civ. Proc., § 352.) The present action was brought within that time; we find nothing to support respondent's contention that by dismissing the first complaint, in order to avoid a defense that another action was pending, appellant lost her otherwise undoubted right to prosecute the present action.

The judgment is reversed.

Devine, P. J., and Rattigan, J., concurred.