[Civ. No. 68467. Second Dist., Div. Seven. Mar. 22, 1984.]

**LEROY BUTTLER et al., Plaintiffs and Appellants, v.
CITY OF LOS ANGELES et al., Defendants and Respondents.**

## COUNSEL

Isaac & Marks, Godfrey Isaac, Rosalind Marks and Christopher Chapin for Plaintiffs and Appellants.

Ira Reiner, City Attorney, John T. Neville, Senior Assistant City Attorney, Richard M. Helgeson, Assistant City Attorney, and Katherine J. Hamilton, Deputy City Attorney, for Defendants and Respondents.

## OPINION

**JOHNSON, J.**—This is an appeal from an order dismissing plaintiffs' action for failure to bring the case to trial within five years of its commencement and from an order denying plaintiffs' motion to vacate the order of dismissal. For the reasons set forth below, we reverse the dismissal order. We do not reach the order denying the motion to vacate.

### FACTS AND PROCEEDINGS BELOW

On November 19, 1976, plaintiff Victor Buttler, his brother Donald, and their father Leroy filed suit against the defendants City of Los Angeles and eight of its police officers. Their complaint alleged that plaintiffs had been the victims of false arrest, false imprisonment, assault and battery by the defendant officers.

Plaintiffs began to prosecute their action in a diligent manner. One week after defendants answered the complaint plaintiffs filed their at-issue memorandum. Plaintiffs responded to interrogatories propounded by defendants in May 1977 and in August 1977 propounded their own interrogatories to defendant.

The superior court issued its first notice of eligibility to file a certificate of readiness in March 1979. By that time plaintiff Victor Buttler was on active duty in the United States Navy stationed on board a ship in Rota, Spain.

Victor Buttler commenced active military service on November 6, 1978. He was stationed in Spain during the period March 1979 through June 1981. He did not appear in response to defendants' notices of deposition in December 1978 and February 1980.

In January 1982 the matter not having been brought to trial within five years, defendants moved to dismiss pursuant to Code of Civil Procedure section 583, subdivision (b). Plaintiffs resisted this motion on the ground that plaintiff Victor Buttler had been on active duty in the United States Navy between November 1978 and June 1981 and that the five-year period was suspended as to all three plaintiffs during Victor Buttler's military service by reason of the Soldiers' and Sailors' Civil Relief Act (hereafter referred to as the Act).

At the hearing on defendant's motion to dismiss, the trial court made a tentative ruling denying the motion provided that plaintiffs move to specially set the matter for trial within 60 days. This ruling was made conditional on whether the Act applied to plaintiffs as well as defendants. The court requested supplemental points and authorities on this issue. After receiving the parties' supplemental briefs, the trial court granted defendants' motion to dismiss. Plaintiffs' motions for reconsideration and for relief on the ground of their mistake of law were denied. Plaintiffs also requested a Statement of Position from the court regarding, inter alia, the application of the Act to plaintiff Victor Buttler. The court did not respond to this request.[1]

## DECISION

We first consider whether the trial court erred in dismissing Victor Buttler's action. The Act provides in relevant part: "The period of military service shall not be included in computing any period now or hereafter to be limited by any law, regulation, or order for the bringing of any action or proceeding in any court . . . by or against any person in military service or by or against his heirs, executors, administrators, or assigns . . . ." (50 U.S.C. Appen. § 525.)

---

[1]We recognize that section 632 of the Code of Civil Procedure by its terms only applies to the trial of a question of fact. Nevertheless it would have been helpful if the trial court had clarified the ambiguity in the reasoning behind its order. We cannot determine, for example, whether the trial court believed that the Soldiers' and Sailors' Civil Relief Act does not apply to military personnel who are plaintiffs, or believed that the Act does not apply to Victor Buttler. Nor can we determine whether, in referring to the Act, the court was referring to sections 525 or 521 or both. Ordinarily the trial court's reasoning in granting or denying a motion is irrelevant but, as we explain *infra,* the way in which the court interpreted the Act does make a difference in this case with respect to the dismissal against appellants Donald and Leroy Buttler.

■ Application of the tolling provision of section 525 of the Act is mandatory as to any person in military service; it does not require a showing of prejudice by reason of such service. (*Syzemore* v. *County of Sacramento* (1976) 55 Cal.App.3d 517, 522-524 [127 Cal.Rptr. 741].)

The only question is whether section 525 suspends the running of time limitations that are not statutes of limitations but which govern procedures in actions already brought such as the five-year limitation contained in section 583, subdivision (b) of the Code of Civil Procedure. We have found no California case directly on point.[2]

■ From our examination of the purposes of the Act and the logical consequences of its language, we have concluded that section 525 tolls the five-year limitation period of Code of Civil Procedure section 583, subdivision (b) as to actions brought by members of the military service.

■ The purpose of the tolling provisions of the Act is to protect members of the military service who are unable to attend to their legal affairs because they are stationed away from home in active service or recovering from injuries incurred in active service. (*Cruz* v. *General Motors Corporation* (S.D.N.Y. 1970) 308 F.Supp. 1052, 1057.) As one court noted, the Act "was intended to enable persons serving in the armed forces 'to devote their entire energy to the defense needs of the Nation' without the worries and distractions which are involved in the conduct of litigation." (*Carr* v. *United States* (4th Cir. 1970) 422 F.2d 1007, 1012.) And, in interpreting the predecessor of the current Act, it was stated that its "purpose [is] to extend protection to persons in military service in order to prevent injury to their civil rights during their terms of service and to enable them to devote their entire energy to the military needs of the nation. . . . A statute of this nature should be liberally construed in favor of the rights of the man engaged in military service, absorbed by the exacting duties required of

---

[2]In *Rauer's Law etc. Co.* v. *Higgins* (1946) 76 Cal.App.2d 854 [174 Cal.Rptr. 450], the plaintiff contended that the five-year limitation period was tolled by section 525 of the Act. The court did not decide this question because it found that that section did not apply to suits such as plaintiff's filed before the passage of the Act. (*Id.*, at pp. 857-858.)

In *Thornley* v. *Superior Court* (1949) 89 Cal.App.2d 662 [201 P.2d 567], the defendant moved to dismiss the action on the ground that he had not been served with a summons within three years of the commencement of the action. (Code Civ. Proc., § 581a, subd. (a).) The plaintiff argued that the time for service was tolled by section 525 while defendant was in the military. The court declined to construe section 525 as suspending the mandatory requirement of service noting that section 525 "was enacted for the benefit of one in the military services and that it is not available beyond its express terms to his adversary to excuse his noncompliance with the mandatory provisions of the state statute." (*Id.*, at p. 664.) The policy considerations in the instant case are significantly different from those in *Thornley* and compel a different result.

him, and unable to give attention to matters of private business." (*Clark* v. *Mechanics' American Nat. Bank* (8th Cir. 1922) 282 F. 589, 591.)

We find no rational basis for applying section 525 of the Act to limitation periods for initiating an action but not applying it to the limitation period for bringing an action to trial. The language of section 525 does not use the words "statute of limitation" although this phrase was surely in the lexicon of Congress in 1940.[3] The language Congress chose, "any period . . . limited by any law . . . for the bringing of any action or proceeding in any court . . . ," is broad enough to include a law requiring dismissal unless an "action is brought to trial within five years . . . ." (Code Civ. Proc., § 583, subd. (b).) Moreover, it is during the period between filing the complaint and bringing the action to trial that the "worries and distractions" of civil litigation will commonly arise necessitating the protection of section 525. Thus, we conclude that tolling the five-year limitation period is entirely consistent with the purposes of section 525. Indeed to hold otherwise would discourage persons who already have filed lawsuits from enlisting in the armed services. To serve their country they would have to risk dismissal of their actions for want of prosecution during a time they may not be in a position to diligently pursue those lawsuits.

Furthermore, to dismiss the action of a plaintiff in military service for failure to prosecute would be an idle gesture in many cases because a second action by that plaintiff would not be time-barred by virtue of section 525's conceded applicability to statutes of limitation. (See *Hill* v. *City & County of San Francisco* (1969) 268 Cal.App.2d 874, 876 [74 Cal.Rptr. 381]; *Billups* v. *Tiernan* (1970) 11 Cal.App.3d 372, 375-376 [90 Cal.Rptr. 246].) This point was succinctly made in *Cahill* v. *Northeast Airlines, Inc.* (1973) 42 App.Div.2d 564 [344 N.Y.S. 2d 372]. There, the court held that dismissal of plaintiff's negligence action for want of prosecution was properly denied where plaintiff was in military service and a second action would not be time-barred due to the tolling provision of section 525. "If this action were dismissed for want of prosecution," the court observed, "a second action by [plaintiff] would not be time-barred by the applicable Statutes of Limitation, by virtue of the tolling provisions contained in . . . [section 525] of the federal Soldiers' and Sailors' Civil Relief Act of 1940. . . . Under such circumstances . . . it would be an idle gesture to dismiss this otherwise dismissable action." (*Id.*, at p. 373.) Since we construe section 525 to toll the five-year limitation period as applied to actions by members of the military service we avoid this anomalous result.

---

[3]The phrase "statutes of limitation" appears in a headnote to title 50 appendix, section 525 of West's United States Code Annotated (1981) at page 291. The phrase does not appear in the Act itself. (See Pub. L., ch. 888, § 205, 54 Stat. 1181.)

Our holding that section 525 tolls the period for bringing an action to trial only applies to Victor Buttler. As to him the time for bringing his claim to trial is tolled during the period he was in active military service. The Act does not apply directly to coplaintiffs Leroy and Donald Buttler who were not in military service during the course of this litigation. (*Wanner* v. *Glen Ellen Corporation* (D.Vt. 1974) 373 F.Supp. 983, 986.)

However, during the time he was on active duty and for 60 days thereafter, Victor Buttler also was entitled to the protection of section 521 of the Act which provides in relevant part, "At any stage thereof any action or proceeding in any court in which a person in military service is involved, either as plaintiff or defendant, during the period of such service or within sixty days thereafter may, in the discretion of the court in which it is pending, on its own motion, and shall, on application to it by such person or some person on his behalf, be stayed as provided in this Act . . . unless, in the opinion of the court, the ability of plaintiff to prosecute the action or the defendant to conduct his defense is not materially affected by reason of his military service." (50 U.S.C. Appen. § 521.)

■ Our Supreme Court has interpreted section 521 as mandating a postponement of trial unless the court is satisfied that by going forward the ability of the person in military service to prosecute or defend would not be materially affected. (*Pacific Greyhound Lines* v. *Superior Court* (1946) 28 Cal.2d 61, 67 [168 P.2d 665]; see also, *Rauer's Law, supra,* 76 Cal.App.2d at p. 858; *Kaiser Foundation Hospitals* v. *Superior Court* (1960) 185 Cal.App.2d 177, 182 [8 Cal.Rptr. 181]; and *Boone* v. *Lightner* (1942) 319 U.S. 561, 575 [87 L.Ed. 1587, 1596, 63 S.Ct. 1223].

■ Here no application for a stay was actually made but that does not preclude the court from considering, for purposes of section 583, subdivision (b), whether a stay would have been mandatory if it had been applied for. (*Pacific Greyhound Lines* v. *Superior Court, supra,* 28 Cal.2d at p. 67; *Rauer's Law, supra,* 76 Cal.App.2d at p. 858.) If Victor Buttler could have invoked section 521 of the Act to block the other plaintiffs from going to trial then, as a matter of law, it would have been objectively impossible for them to prosecute their actions while he was in military service. Thus it may have been "futile" for the other plaintiffs to have sought a trial while Victor was in the service since he would have been entitled to stay that trial.

It does not appear from the record that the trial court considered the possibility Donald and Leroy Buttler's prosecution of their claims in his absence could be prejudicial to Victor Buttler's ability to prosecute his action. The focus of the argument in the trial court was on whether Victor Buttler's absence was prejudicial to Donald and Leroy Buttler. Moreover,

the trial court's tentative decision that it would overrule the defendant's motion if the Act applied to plaintiffs as well as to defendants coupled with its subsequent granting of the defendants' motion to dismiss is some indication that the court did not believe the Act applied to plaintiffs and, therefore, did not consider the prejudice to Victor Buttler if his coplaintiffs had proceeded to try their claims.

We recognize trial courts have wide discretion in weighing the factors excusing compliance with Code of Civil Procedure, section 583, subdivision (b) and ordinarily defer to their decisions. However, the absence of the statement of decision requested by appellants makes it impossible for this court to ascertain how much the trial court's rationale for dismissing Donald and Leroy's actions would be disturbed by our holding that title 50 United States Code, Appendix section 525 tolled Victor's closely related action while he was in the service and our observation that under title 50 United States Code, Appendix section 521 Victor *may* have been entitled to stay the other actions as well as his own because of prejudice *to him* from a separate trial of those lawsuits. We are reversing the order of dismissal as to Leroy and Donald Buttler so that the trial court can reconsider the matter in this light. In doing so, we do not mean to dictate how the trial court exercises its discretion as to the dismissal of Donald and Leroy Buttler's actions. We only direct that it conduct an examination of this new configuration of factors and then apply its discretion to that altered set of facts.

## DISPOSITION

The order dismissing the action is reversed and the case is remanded for further proceedings consistent with this opinion.

Schauer, P. J., and Thompson, J., concurred.

A petition for a rehearing was denied April 13, 1984, and respondents' petition for a hearing by the Supreme Court was denied May 16, 1984.