[No. H007660. Sixth Dist. July 11, 1991.]

DRAKE BRYAN TZOLOV, an Incompetent Person, etc., Plaintiff and Appellant, v.
INTERNATIONAL JET LEASING, INC., Defendant and Respondent.

COUNSEL

Trezza, Ithurburn & Steidlmayer and Michael J. Trezza for Plaintiff and Appellant.

Gassett, Perry & Frank, L. Christian Spieller and Alan F. Hunter for Defendant and Respondent.

OPINION

**BAMATTRE-MANOUKIAN, J.**—When an individual has been injured so severely as to be rendered " 'incapable of caring for [his or her] property or transacting business, or understanding the nature or effects of [his or her] acts' " (*DeRose* v. *Carswell* (1987) 196 Cal.App.3d 1011, 1027 [242 Cal.Rptr. 368], quoting from *Hsu* v. *Mt. Zion Hospital* (1968) 259 Cal.App.2d 562, 571 [66 Cal.Rptr. 659]), California has followed the general rule that the period of the statute of limitations applicable to the incompetent's action for the injuries will not begin so long as the incompetence continues. (Code Civ. Proc., § 352, subd. (a)2; *Weinstock* v. *Eissler* (1964) 224 Cal.App.2d 212, 231-232 [36 Cal.Rptr. 537]; 3 Witkin, Cal. Procedure (3d ed. 1985) Actions, § 485, p. 515.) When the injuries have apparently rendered the potential plaintiff *permanently* incompetent, should appointment of a guardian ad litem to maintain the incompetent's action start the statutory period? We conclude it should not.

Drake Bryan Tzolov was rendered incompetent by grave head injuries he received in an accident on January 27, 1983. His incompetence has continued since that date and the parties acknowledge it is probably permanent. On January 23, 1984, he filed an action for his injuries against International Jet Leasing, Inc., and fictitiously designated defendants ("the first action"), and his mother was appointed his guardian ad litem. In June 1984 Tzolov filed a separate action, based on the same facts, against the City of Mountain View and fictitiously designated defendants ("the second action"). In November 1984 Tzolov voluntarily dismissed the second action with prejudice. In May 1988 the first action was dismissed on the ground Tzolov had failed to serve the summons and complaint within three years after the action was commenced. (Code Civ. Proc., § 583.210.) In 1989 we affirmed the dismissal of the first action. (*Tzolov* v. *International Jet Leasing, Inc.* (1989) 214 Cal.App.3d 325, 328 [262 Cal.Rptr. 606].)

On February 20, 1990, Tzolov filed a new action against International Jet Leasing ("the third action"). International Jet Leasing demurred generally and also moved to strike the new complaint, arguing that the third action was barred by the judgment in the first action and by a one-year limitation period (Code Civ. Proc., § 340, subd. (3)) running from the date on which Tzolov's guardian ad litem was appointed. The motion to strike was granted and another judgment of dismissal was entered. Tzolov appeals.

In this court International Jet Leasing has not pursued the argument (contrary to clear law: cf. 6 Witkin, Cal. Procedure (3d ed. 1985) Proceedings Without Trial, § 97, p. 402) that the judgment of dismissal of the *first* action for failure to serve the summons was a final adjudication of the merits and entitled to res judicata effect. Instead, International Jet Leasing asserts that res judicata effect is to be assigned to Tzolov's voluntary dismissal of the *second* action. International Jet Leasing's theory is that a voluntary dismissal with prejudice is a determination on the merits and res judicata (cf. *Roybal* v. *University Ford* (1989) 207 Cal.App.3d 1080, 1085 [255 Cal.Rptr. 469]) as to parties and causes of action involved in the dismissed action, and that although International Jet Leasing was not named as a party to the second action it was "identified . . . by a fictitious name (and as the owner of the vehicle in question) . . . ." We reject this argument: such information as the record provides falls far short of establishing that International Jet Leasing was in fact a party to the second action or (by the same token) that the cause of action was the same. (Cf. 7 Witkin, Cal. Procedure, *supra*, Judgment, § 249, pp. 687-688.)

In granting the motion to strike, the trial court appears to have been persuaded by International Jet Leasing's alternative argument that the one-year limitation period ran from the date (in Jan. 1984) on which Tzolov's

guardian ad litem was appointed. In this court Tzolov argues that the cause of action belongs to him, and that appointment of a guardian ad litem should have no effect on the limitation rules applicable to his cause of action. International Jet Leasing reiterates the argument that succeeded for it in the trial court, and adds an assertion that as a policy matter the rule that postpones the limitation period during the plaintiff's disability should not in any event apply to a disability that will apparently be permanent: "To hold otherwise would, as a practical matter, perpetuate a stale claim ad infinitum."

We agree with Tzolov. The applicable limitation period will not run against an incompetent plaintiff simply because the plaintiff has a *general* guardian. (*Gottesman* v. *Simon* (1959) 169 Cal.App.2d 494, 502-503 [337 P.2d 906, 77 A.L.R.2d 620]; 3 Witkin, Cal. Procedure, *supra*, Actions, § 490, subd. (2), p. 519.) The tolling statute, Code of Civil Procedure section 352, refers in pertinent part only to the competence of the plaintiff and not to the nature or quality of his or her representation; the statute suggests no reason why appointment of a guardian ad litem should be treated differently than appointment of a general guardian has been. The cause of action does belong to the plaintiff. (*Gottesman* v. *Simon, supra*, 169 Cal.App.2d at p. 502.) The guardian ad litem is obliged to protect the plaintiff's cause of action (cf. *Berry* v. *Chaplin* (1946) 74 Cal.App.2d 652, 657-658 [169 P.2d 442]), but to start the limitation period upon the assumption that the guardian ad litem will discharge this duty would leave the incompetent plaintiff wholly at the mercy of the possibility the guardian ad litem will not do so. It appears to be the general rule nationally that a guardian ad litem's failure to bring a *minor's* action within the applicable limitation period will not prejudice the minor's right to do so after he or she becomes of age. (Cf. Annot. (1962) 86 A.L.R.2d 965, 977-979.) We are satisfied that this should be the California rule, applicable to minors and mentally incompetent persons alike. The possibility that in a case such as this a limitation period may remain open for the lifetime of the plaintiff does not dictate a different result: the tolling statute reflects a considered legislative judgment that in enumerated circumstances the strong policy in favor of prompt disposition of disputes must give way to the need to protect a plaintiff who is unable to protect himself or herself. That need will continue so long as the plaintiff remains incompetent.

To support its argument International Jet Leasing relies on dictum in a New York Court of Claims case, *Wittkugel* v. *State* (1955) 5 Misc.2d 886 [160 N.Y.S.2d 242, 246] (appointment of a "committee" for an incompetent person starts the statutory period) that apparently represents a minority position nationally (cf. Annot., *supra*, 86 A.L.R.2d at p. 969) and appears also to be inconsistent with the position of a majority of New York courts

with respect to lawsuits by minors (cf. *id.* at pp. 979-980; *Van Buskirk* v. *Todd* (1969) 269 Cal.App.2d 680, 689 [75 Cal.Rptr. 280]). We find *Wittkugel*'s dictum unpersuasive.

Nor are we persuaded by International Jet Leasing's references to decisions under the California Tort Claims Act. One (*Hernandez* v. *County of Los Angeles* (1986) 42 Cal.3d 1020, 1025 [232 Cal.Rptr. 519, 728 P.2d 1154]) construed the clear statutory distinction between minors and mentally incapacitated persons for purposes of the claims requirement of the Tort Claims Act; there is no comparable distinction in the statute relevant to our inquiry. The other (*Greene* v. *State of California* (1990) 222 Cal.App.3d 117, 120-123 [272 Cal.Rptr. 52]) dealt with the readily distinguishable requirement that one who seeks leave to file a late claim have proceeded with reasonable diligence.

International Jet Leasing's final argument appears to be that because Tzolov and his guardian ad litem have had the assistance of counsel, and with counsel's help were able to file one timely lawsuit (which they then failed to prosecute), they need no further exemption from the statute of limitations. It might be argued that upon filing of the first action the purpose of the tolling statute—to enable the plaintiff to prepare for and file his or her lawsuit—has been served, and as a policy matter the period should not be further postponed. Such an argument appears to have been accepted in some other jurisdictions (cf. Annot. (1984) 30 A.L.R.4th 1092, 1093-1099; Annot., *supra*, 86 A.L.R.2d 965, 966-980), but we are satisfied that the majority would agree with the few California cases that have considered the situation of a minor plaintiff: " 'In the case of the appointment of a guardian ad litem for an infant, . . . such guardian can sue within the prescribed period of limitation, but is not obligated to do so, and . . . if he [she] fails to sue, or having instituted an action within the statutory period, discontinues it, the rights of the infant are not prejudiced thereby, and he [she] may still take advantage of his [her] disability, the action not being barred until the lapse of the statutory period after he [she] becomes of age.' " (*Van Buskirk* v. *Todd, supra,* 269 Cal.App.2d 680, 689 [first action voluntarily dismissed], quoting from Annot., *supra,* 86 A.L.R.2d 965, 976; see *Billups* v. *Tiernan* (1970) 11 Cal.App.3d 372, 375-376 [90 Cal.Rptr. 246] [dictum: first action dismissed under five-year statute]; cf. also *Hill* v. *City & County of San Francisco* (1969) 268 Cal.App.2d 874, 876 [74 Cal.Rptr. 381] [first action dismissed by plaintiff after majority and promptly refiled].)

By virtue of Tzolov's incompetence the limitation period has not run, notwithstanding appointment of a guardian ad litem and the filing and subsequent dismissal of the first action.

We appreciate the burden our conclusion will place upon defendants and their insurance carriers in cases of this kind. We conclude, however, that these burdens are justified by the legislative judgment that an incompetent plaintiff's ability to bring a claim for his or her injuries must be protected. We assume that upon an appropriate showing of good cause trial courts will make discovery orders and other provisions to mitigate any prejudice unavoidably caused to a defendant by long delay.

The judgment of dismissal is reversed, with directions to vacate the order granting International Jet Leasing, Inc.'s motion to strike the complaint and to enter a new order denying the motion to strike and overruling the demurrer. Tzolov shall recover his costs on appeal.

Agliano, P. J., and Capaccioli, J., concurred.

Respondent's petition for review by the Supreme Court was denied September 26, 1991. Panelli, J., and Kennard, J., were of the opinion that the petition should be granted.