OPINION OF THE COURT
S. Michael Nadel, J.
*196 This is the defendant’s motion to dismiss the claim on the grounds that it fails to state a cause of action, and that it is not properly verified. The claim arises from an incident which occurred at an event held at Hunter College, one of the senior colleges of the City University of New York (CUNY), where the claimant alleges that he was assaulted by a security guard. He seeks damages for physical and emotional injuries, as well as punitive damages.
Section 11 (b) of the Court of Claims Act requires that a claim be verified “in the same manner as a complaint in an action in the supreme court.”[1] The purported defect in the verification of this claim is asserted by the defendant to be that “it was not signed by the party, and it did not state why the party did not sign it, and also did not state the grounds for counsel’s belief as to matters not stated upon his knowledge” (defendant’s affirmation in support ¶ 23).
To the extent that a defect in verification renders a claim subject to dismissal, it is required that the defendant must (1) reject the claim in the manner specified in CPLR 3022,[2] and (2) assert the defect either in the answer or by a pre-answer motion to dismiss, as required by section 11 (c) of the Court of Claims Act. If the defendant does not do both, any objection to a defect in verification has been waived. In this instance, the defendant has done neither.
The defendant did not reject this claim, based upon its contention on this motion that it was not required to do so, by virtue of either or both of two recent statutory amendments to the Court of Claims Act, which followed the decision in Lepkowski v State of New York (1 NY3d 201 [2003]), in which the Court of *197 Appeals stated that “the State must follow the steps in CPLR 3022 in order to preserve any objection that a claim or notice of intention does not comply with the verification requirement” (at 203), and that “[a] defendant who does not notify the adverse party’s attorney with due diligence waives any objection to an absent or defective verification” (at 210).
Subsequent to the Court of Appeals decision in Lepkowski, section 11 (c) of the Court of Claims Act was amended to impose the additional requirement that the defendant must assert any defect in verification either in the answer or in a pre-answer motion to dismiss. Specifically, chapter 460 (§ 1) of the Laws of 2005 added a new item, clause (iii), providing that an objection or defense premised upon a failure to comply “with the verification requirements as set forth in subdivision b of this section and rule three thousand twenty-two of the civil practice law and rules” is waived unless raised, with particularity, in either the answer or a pre-answer motion to dismiss.
The purported rationale for that statutory change is found in the Assembly Memorandum in Support (2005 McKinney’s Session Laws of NY, at 2318), which noted “divergent opinions about the procedure to be followed” subsequent to the Court of Appeals decision in Lepkowski. “With a division among Court of Claims judges following Lepkowski as to whether unverified claims are a nullity or require a response, legislation is needed to specify the appropriate procedure” (id. at 2319). According to the Assembly Memorandum, the legislation would clarify that the defense be “raised by motion” (id.).
The defendant argues that, by enacting this amendment, the “Legislature sought to return the law on defective verifications to its pre-Lepkowski state” which the defendant contends is that the rejection procedure found in CPLR 3022 need not be followed. No such purpose is stated in the Assembly Memorandum, nor can it be inferred from the statutory language. In the first place, the suggestion that rejection of a claim under these circumstances was not required prior to the Court of Appeals decision in Lepkowski is not correct. In Grant v State of New York (192 Misc 45, 48 [Ct Cl 1948]), the court stated:
“The Attorney-General asks for dismissal of that claim on the ground that the verification is defective. The remedy for a defective verification is to treat the pleading as a nullity, provided the adverse party gives notice with due diligence that he elects to do so. (Civ. Prac. Act, § 253.) Failure to act *198 promptly is a waiver of the defect. (Schwarz v. Oppold, 74 N. Y. 307 [1878]; Paddock v. Palmer, 32 Misc. 426 [1900].) It does not appear that the Attorney-General has availed himself of the practice provision.” (See also Wittkugel v State of New York, 5 Misc 2d 886, 889 [Ct Cl 1957], affd 5 AD2d 958 [1958] [“The remedy for a defective verification is to treat the pleading as a nullity, giving notice with due diligence to the attorney of the adverse party”]; Melesky v State of New York, 2 Misc 2d 690 [Ct Cl 1956] [the court specifically held that the failure of the Attorney General to reject an unverified notice of intention constituted a waiver of the defect]; Canizio v State of New York, 8 Misc 2d 943, 945 [Ct Cl 1957] [“The remedy for a defective verification is prescribed by section 253 of the Civil Practice Act. Since the provision of the statute was not availed of objection has been waived”]; Vasquez v State of New York, 1995 WL 17826141 [Ct Cl 1995] [“the Court of Claims Act verification requirements have been held waived if the pleading with a missing or defective verification has not been returned to one’s adversary within 24 hours”], citing CPLR 3022 and Ritangela Constr. Corp. v State of New York, 183 AD2d 817, 819 [1992].)
Moreover, chapter 460 specifically included a reference to CPLR 3022, the content of which sets forth the requirement for rejection of an improperly verified pleading. While this reference might have been unnecessary[3] in light of the Lepkowski decision, there is no basis to conclude that by including it in the Court of Claims Act it was intended to eliminate the applicability of its content to a claim in this court. Had the intention of the Legislature been to eliminate the rejection requirement, there would have been no reason to include any reference to CPLR 3022, and the Assembly Memorandum in Support would have stated that its purpose was to overrule what the Attorney General understood to be the effect of the Court of Appeals decision in Lepkowski-, it did not.
In any event, this very same argument was made to, and rejected by, the Appellate Division in Scott v State of New York *199 (46 AD3d 664 [2007]), which affirmed the denial of the defendant’s motion to dismiss the claim “[s]ince the defendant failed to comply with the provisions of CPLR 3022 for rejecting an unverified claim” (see brief for appellant State of New York, 2007 WL 4701327 [2007]).
The defendant further contends that a subsequent amendment to section 11, which deleted the foregoing reference to CPLR 3022, supports its position that it is no longer required that the claim must be rejected. This interpretation has no basis, as evidenced by the unambiguous language of the statute, and the legislative history of its enactment. That amendment, chapter 223 of the Laws of 2007, was introduced at the request of the Office of Court Administration, after it was drafted by the judges of the Court of Claims, as was a Memorandum of the Office of Court Administration (2007 McKinney’s Session Laws of NY, at 2188) which explains its purpose:
“Chapter 460 of the Laws of 2005 amended section 11(c) of the Court of Claims Act to add a new item (iii) providing that an objection or defense premised upon a failure to comply with ‘the verification requirements set forth in subdivision (b) of this section and rule three thousand twenty-two of the civil practice law and rules’ is waived unless raised, with particularity, in either the answer or a pre-answer motion to dismiss.
“Section 11(b) of the Court of Claims Act currently provides that ‘[t]he claim and notice of intention to file a claim shall be verified in the same manner as a complaint in an action in supreme court’ and therefore constitutes the type of verification requirement referred to in the statute as amended by chapter 460. CPLR 3022 does not impose or establish a verification requirement but, rather, prescribes the remedy available upon receipt of a defectively verified pleading. Thus, the reference to the ‘verification requirement’ of CPLR 3022 is misplaced. Nor is the reference to CPLR 3022 necessary in light of the Court of Appeals’ holding in Lepkowski v State of New York (1 NY 3d 201, 210), in which the Court stated:
“ ‘Section 11 (b) requires the claim and notice of intention to be verified “ire the same manner as a complaint in an action in the [S]upreme [C]ourt.” “Manner” is commonly understood to mean “[t]he *200 way in which something is done or takes place; method of action; mode of procedure” (9 Oxford English Dictionary 324 [2d ed 1989]). Because the Legislature has mandated that verification “take[ ] place” in the Court of Claims following the same “method of action” or “mode of procedure” employed for an action in Supreme Court, there is no basis for treating an unverified or defectively verified claim or notice of intention any differently than an unverified or defectively verified complaint is treated under the CPLR in Supreme Court. Section 11 (b) therefore embraces CPLR 3022’s remedy for lapses in verification.’
“A party receiving a claim or notice of intention which is either unverified or contains a defective verification is required under Lepkowski to comply with the provisions of CPLR 3022 by providing the attorney of the adverse party notice with due diligence of its election to treat the defectively verified claim or notice of intention as a nullity.
“Pursuant to chapter 460 and unchanged by the instant legislation, the party receiving the defectively verified claim or notice of intention must also assert the verification objection or defense with particularity in its answer or a pre-answer motion to dismiss.
“Failure to comply with either requirement will result in a waiver of the verification objection and/or defense (Meyers v State of New York, claim no. 109325, motion nos. M-69072, M-69135).” (Emphasis added.)
In other words, it is now as it was then: the defendant is required to both reject the defective claim and to assert its objection/defense as provided by the law.
Not only has the defendant waived any objection based upon verification for the reason that it was not rejected as required by CPLR 3022, in addition, the defendant did not comply with the provisions of Court of Claims Act § 11 (c),. which require that any such objection must be stated “with particularity” or it is waived and “the court shall not dismiss the claim for such failure.” In its answer, the defendant asserted, as an eighth affirmative defense, that the claim is “defective for failing to include a proper verification, in accordance with Court of Claims Act Section 11 and Civil Practice Law and Rules Section 3020.” *201 In order to be raised with particularity a defense must state the factual elements to be proven, not legal conclusions (see Sinacore v State of New York, 176 Misc 2d 1 [1998]; CPLR 3013). The defendant’s answer did not specify the manner in which the verification was not proper, or “the action that would have been proper” (Sinacore at 9), namely (according to the defendant on this submission): that the verification “was not signed by the party, and it did not state why the party did not sign it, and also did not state the grounds for counsel’s belief as to matters not stated upon his knowledge” (defendant’s affirmation in support ¶ 23).[4] The defense was not stated with the particularity required by section 11 (c), as a result of which it has been waived, so that there is no legal basis for dismissal of the claim on that ground.
With respect to the remaining grounds upon which the defendant has moved to dismiss the claim, the court finds that the claim states a cause of action to the extent it alleges that excessive force was used by a security officer employed by the defendant. Therefore, the defendant’s motion to dismiss the claim for failure to state a cause of action is denied. However, the causes of action sounding in intentional infliction of emotional distress, and those brought pursuant to the Federal Constitution, are dismissed.[5]
A cause of action for the intentional infliction of emotional distress may not be brought against the State. “[P]ublic policy prohibits the maintenance of a suit against the State for intentional infliction of emotional distress” (Brown v State of New York, 125 AD2d 750, 752 [1986], lv dismissed 70 NY2d 747 [1987] [citations omitted]).
With respect to the claimant’s allegation that his federal constitutional rights were violated, it is settled that no action may be maintained against the State for alleged federal constitutional violations (see Matter of Thomas v New York Temporary State Commn. on Regulation of Lobbying, 83 AD2d *202 723 [1981], affd 56 NY2d 656 [1982]; Welch v State of New York, 286 AD2d 496 [2001]; Davis v State of New York, 124 AD2d 420 [1986]).
The claimant’s demand for punitive damages is stricken, as such are not available against the State and its political subdivisions (see Sharapata v Town of Islip, 56 NY2d 332 [1982]; see also Clark-Fitzpatrick, Inc. v Long Is. R.R. Co., 70 NY2d 382, 386 [1987] [stating that “(w)e have held that the State and its political subdivisions are not subject to punitive damages” (citation omitted)]; Bicjan v Hunter Coll. of City Univ. of N.Y., 116 Misc 2d 978, 978 [1982] [holding that “punitive damages are not recoverable against a public government corporation such as CUNY”]).
Accordingly, it is ordered that the defendant’s motion to dismiss this claim for failure to state a cause of action is denied with respect to the cause of action sounding in assault, and otherwise granted with respect to the causes of action sounding in intentional infliction of emotional distress and those brought under the Federal Constitution; resolution as to any other causes of action shall be rendered upon a factual determination at the trial of this matter; and it is further ordered that the claimant’s demand for punitive damages is stricken; and it is further ordered that, any objection thereto having been waived, the defendant’s motion to dismiss the claim for improper verification of the claim is denied.

. CPLR 3021:
“The affidavit of verification must be to the effect that the pleading is true to the knowledge of the deponent, except as to the matters therein stated to be alleged on information and belief, and that as to those matters he believes it to be true. If it is made by a person other than the party, he must set forth in the affidavit the grounds of his belief as to all matters not stated upon his knowledge and the reason why it is not made by the party.”

. CPLR 3022:
“A defectively verified pleading shall be treated as an unverified pleading. Where a pleading is served without a sufficient verification in a case where the adverse party is entitled to a verified pleading, he may treat it as a nullity, provided he gives notice with due diligence to the attorney of the adverse party that he elects so to do.”

. The defendant characterizes the reference to CPLR 3022 as “curious” and as a “drafting error” although, according to the defendant, the legislation was proposed to the Legislature by the Attorney General’s Office (defendant’s affirmation in support ¶ 29).

. In view of the conclusion that the defendant has waived any defense based on defective verification, the court has not addressed the claimant’s contention in opposition that the verification is not, in fact, defective or insufficient.

. The claimant’s contention that CUNY is not the State for purposes of determining this motion is unavailing. As the United States Court of Appeals, Second Circuit, stated, in upholding the dismissal of claims brought under 42 USC §§ 1983 and 1985, “a CUNY senior college ... is an ‘arm of the state.’ Plaintiffs’ suits against CUNY are equivalent to suits against the State of New York” (Clissuras v City Univ. of N.Y., 359 F3d 79, 83 [2d Cir 2004]).