**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| KURT HUY PHAM, | No. 13-15756 |
| Plaintiff - Appellant, | D.C. No. 3:12-cv-06374-EMC |
| v. | |
| FINANCIAL INDUSTRY REGULATORY AUTHORITY, INC.; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Edward M. Chen, District Judge, Presiding

Submitted December 9, 2014[**]

Before:    WALLACE, LEAVY, and BYBEE, Circuit Judges.

Kurt Huy Pham appeals pro se from the district court's judgment dismissing

his action seeking to vacate an arbitration award against him in a securities action.

We have jurisdiction under 28 U.S.C. § 1291.  We review de novo the district

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

court's dismissal under Fed. R. Civ. P. 12(b)(6) for failure to state a claim. *Hebbe v. Pliler*, 627 F.3d 338, 341 (9th Cir. 2010). We affirm.

The district court properly dismissed Pham's action because Pham did not timely serve his petition to vacate the arbitration award. *See* Cal. Civ. Proc. Code § 1288 ("A petition to vacate an award or to correct an award shall be served and filed not later than 100 days after the date of the service of a signed copy of the award on the petitioner."). Contrary to Pham's contentions, Pham was not entitled to tolling because he did not voluntarily pursue internal remedies, and did not show that he was sufficiently incapacitated for tolling to apply. *See McDonald v. Antelope Valley Cmty. Coll. Dist.*, 194 P.3d 1026, 1032-34 (Cal. 2008) (concluding that equitable tolling applies to the voluntary pursuit of internal remedies); *Tzolov v. Int'l Jet Leasing, Inc.*, 283 Cal. Rptr. 314, 315 (Ct. App. 1991) (tolling statute of limitations where an "individual has been injured so severely as to be rendered incapable of caring for [his or her] property or transacting business, or understanding the nature or effects of [his or her] acts" (citations and internal quotation marks omitted)).

We reject Pham's contentions regarding the merits of his motions for reconsideration and for a new trial.

We do not consider matters not specifically and distinctly raised and argued

2                                                                        13-15756

in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam).

**AFFIRMED.**